IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON MCLEAN <br> BRIAN COLEMAN, <br><br> Plaintiff, <br><br> v. <br><br> COMMUNICATIONS <br> CONSTRUCTION INC., <br> BRAD DODSON, <br> JONATHAN GATES AND <br> MIKE FENDER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No.:   0 6 - 6 1 7 <br> ) <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) |

## COMPLAINT

### THE PARTIES

1. The plaintiffs, Jason McLean and Brian Coleman (hereinafter referred to as "plaintiff Coleman" and "plaintiff McLean") were at all times relevant to this complaint, employees of Communications Construction Group, LLC.

2. The defendant Communications Construction Group, LLC (hereinafter referred to as "defendant CCG") is a limited liability company organized and existing under the laws of the State of Delaware, whose agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. CCG is a subsidiary of Dycom Industries, Inc. The Company serves hundreds of customers in 49 states, with a workforce of over 8,200 employees based in more than 200 locations. http://www.dycomind.com/subs/.

3. The defendant Mike Fender, hereinafter referred to as "defendant Fender" was at all times relevant to this complaint an employee and supervisor of CCG.

4. The defendant Bradley Dodson, hereinafter referred to as "defendant Dodson" was at all times relevant to this complaint an employee and supervisor of CCG.

5. The defendant Jonathan Gates, hereinafter referred to as "defendant Gates" was at all times relevant to this complaint an employee.

## JURISDICTION

6. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America and the State of Delaware. This action arises under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e, et.seq., as amended by the Civil Rights Act of 1991, §704 of Title VII, and 42 U.S.C. §1983. Accordingly, this Court has jurisdiction over the controversy based upon the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334. In addition, the actions arises under 42 U.S.C. §1981.

## VENUE

7. The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware under 42 U.S.C. §1339(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Prior to the filing of this action, the plaintiffs timely filed a written charge of racial discrimination with the Equal Employment Opportunity Commission – Philadelphia District Office and Pennsylvania Human Relations Commission on August 19, 2005 (a copy of which is attached hereto as Exhibit No. "1"), alleging the discriminatory conduct, which occurred beginning on May 31, 2005 and continued through plaintiffs' termination constituting a continuing course of conduct by the defendants.

9. Thereafter, on June 29, 2006, the Equal Employment Opportunity Commission issued to the plaintiffs a "Right to Sue Letter" which was received by plaintiff on or about July 24, 2006 (a copy of that "Notice of Right to Sue Letter" is attached hereto as Exhibit "2").

## FACTS

10. Plaintiff Coleman began employment with the defendant on January 29, 2001 and was an operator and laborer of mainline pipe. Coleman was subsequently laid off and terminated.

11. Plaintiff McLean began employment with the defendant on January 29, 2001 and was an operator and laborer of mainline pipe. McLean eventually earned the position of foreman until being laid off and terminated.

12. On or around May 20, 2005 defendant Dodson stated to a group of white employees that, "At least you don't have to work with two dumb niggers!" referring to plaintiffs Coleman and McLean.

13. At the time, Dodson was defendant's direct supervisor and brother of Dave Dodson, head of CCG's New Castle, Delaware worksite.

14. One week later, on May 31, 2005, plaintiffs were informed of the slur by a co-worker.

15. Subsequently, Coleman and McLean asked Dodson if he made the remark. Whereas, Dodson jumped off a machine and continually pointed his finger in McLean's face.

16. Then Dodson started jabbing his finger against Coleman's chest to the point Coleman was moved backwards.

17. After the confrontation, Dodson called his brother Dave Dodson.

18. Dave Dodson appointed Mike Fender to handle the situation.

19. Fender's only solution to the problem was having everyone shake hands and go back to work.

20. At that time, plaintiff McLean called Human Resources and plaintiff Coleman called the police.

21. Employees Robert Cole and Joseph Tosh confirmed that Dodson made the racial slur about defendants. (5-31-05 Police Report attached as Exhibit "3").

22. Defendant Dodson was charged with offensive touching.

23. Directly after the incident, the plaintiffs were assigned low-level clean-up work.

24. Plaintiffs were assigned to a new crew with Harry Ortiz, a Hispanic minority.

25. The new crew became an instant success accumulating numbers ranging from $400 to $650.

26. After only three days, plaintiffs and Ortiz were transferred to a site in West Chester, Pennsylvania.

27. The transfer resulted in a substantial reduction in salary.

28. The plaintiffs made $1.20 per square foot compared to $2.80 per foot at the New Castle plant.

29. In addition, the transfer added approximately two (2) hours in additional driving time for the plaintiffs.

30. First, plaintiffs were given a truck to compensate for the additional driving.

31. However, Jonathan Gates, upon learning about the truck, immediately took the truck away from the plaintiffs.

32. Plaintiffs Jonathan Gates and Mike Fender informed plaintiffs that they were the root of the problem because they complained to Human Resources prior to alerting them.

33. Subsequently, the plaintiffs were laid off of work and ultimately terminated without warning.

34. Defendant Dodson never received any reprimand or consequence for his actions.

### COUNT I: RACIAL HARASSMENT DISCRIMINATION

35. Paragraphs 1-34 are hereby incorporated as if stated in full.

36. Defendant Dodson, a supervisor for defendant CCG, called defendants niggers to a group of white employees.

37. The actions by defendants constitute racial harassment and discrimination in violation of both Federal and State law.

38. Plaintiffs' direct supervisor called them "niggers" because they were African American in front of a group of white employees.

39. The statements were followed by the defendant assaulting the plaintiffs.

40. After plaintiffs addressed the incident with their supervisors and human resources, they were subsequently "transferred" to lower paying jobs, laid off, and ultimately terminated without notice.

### COUNT II: RETALIATION

41. Paragraphs 1-40 are hereby incorporated as if stated in full.

42. The defendants' actions towards the plaintiffs were a result of their opposition to, and claims of employment discrimination, and as such were retaliatory in violation of 42 U.S.C. §2000e-3.

43. The defendants intentionally, willfully, and wantonly retaliated against Plaintiffs in response to their complaints of racial harassment in violation of Federal and State law.

## COUNT III : EQUAL PROTECTION CLAUSE

44. Paragraphs 1-43 are hereby incorporated as if stated in full.

45. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution forbids unjustifiable discrimination on the basis of race.

46. The defendants treated the plaintiffs differently than similarly situated employee Dodson in that the plaintiffs were transferred to lesser paying positions, laid off, and ultimately terminated for reporting that defendant Dodson called them "niggers".

47. Defendants cannot demonstrate any justification for the fact that they discriminated against plaintiffs and cannot overcome the strong presumption that such treatment is illegal.

48. Defendants' actions towards plaintiffs violate the Fourteenth Amendment to the U.S. Constitution.

## COUNT IV: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING IMPLIED

49. Paragraphs 1-48 are hereby incorporated as if stated in full.

50. Delaware recognizes a common law cause of action for a breach of a covenant of good faith and fair dealing implied in an at-will employment contract where employee alleges that his termination directly resulted from her refusal to succumb to sexual harassment in the workplace.

51. The defendants' actions against the plaintiffs resulted from their lawful opposition and claims of employment discrimination and as such were retaliatory.

## COUNT V: ASSAULT AND BATTERY

52. Paragraphs 1-51 are hereby incorporated as if stated in full.

53. During said employment with defendant CCG, an agent of Defendant, reacting to plaintiffs' inquiry as to him calling them niggers, came into physical contact with Plaintiffs.

54. Said contact was intentional, against Plaintiffs' will, without their consent and unwarranted by social usage and without business justification.

55. Further, the aforesaid unauthorized contact placed Plaintiffs in a reasonable fear that defendant would use additional force directed at plaintiffs, against their will and without consent.

56. An assault is an unlawful attempt to do violence to the person of another, with the means at hand of carrying the attempt into execution; and a battery is the unlawful commission or execution of such violence. Marker v. Hanratty, 97 A. 904. Del.Super.,1916.

57. The above constitutes unlawful assault and battery upon plaintiffs.

*[Remainder of this page left blank intentionally]*

**WHEREFORE**, Plaintiffs Brian Coleman and Jason McLean demands judgment in their favor against Defendants for compensatory damages, damages for emotional distress, damages for pain and suffering, lost wages, fringe benefits, front pay, special damages, medical expenses, costs of this action, Attorney's fees, expert fees, pre-judgment interest, post-judgment interest, and any other just and equitable relief as this Court deems proper, including an injunction permanently restraining this violation of Title VII and a directive that Defendants take such affirmative action as are necessary to ensure that the effects of these unlawful employment practices are eliminated.

          **YOUNG, MALMBERG & HOWARD, P.A.**

          /s/ Ronald G. Poliquin
          Ronald G. Poliquin
          30 The Green
          Dover, DE 19901
          (302) 672-5600
          Delaware Bar I.D. No. 4447
          *Attorney for Plaintiffs*

DATED: October 2, 2006

# EXHIBIT 1

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 170-2005-02964 |

| Pennsylvania Human Relations Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Jason A. Mc Lean | (302) 363-5733 | ■-1983 |

| Street Address | City, State and ZIP Code |
|---|---|
| 96 Kentwood Drive, Dover, DE 19901 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| COMMUNICATIONS CONSTRUCTION GROUP | 201 - 500 | (610) 696-1800 |

| Street Address | City, State and ZIP Code |
|---|---|
| 235 E. Gay Street, West Chester, PA 19380 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-31-2005  Latest: 06-20-2005
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired with Respondent as a Laborer/Operator on January 1, 2005. On May 31, 2005, Robert Cole (White), Crew member told me and Brian Coleman (Black), Foreman, that our supervisor, Mr. Brad Dodson, talked about us badly and referred to us as being "two dumb niggers." Mr. Cloeman and I confronted Mr. Dodson to complain about the comment. Mr. Dodson denied making the statement and began jabbing Mr. Coleman in his chest and pushing him. We complained to Mr. Mike Fender, General Foreman (White), who told us to shake hands and return to work. We did not believe that addressed the situation. Mr. Coleman called the police to file charges against Mr. Dodson and he was arrested for offensive touching. Later, we contacted Ms. Lisa Clemons, Human Resources Manager (White), to advise her of what occurred and to formally complain about the harassment. On June 11, 2005, Mr. Coleman and I received a write-up for not following company policy and leaving the work area. We were accused of harassing Mr. Dodson and that we should have gone to a higher authority to make our complaint and come to Human Resources before calling the police. On June 20, 2005, Mr. Coleman and I were transferred to another area that pays less than we were receiving. While at the new location, the new supervisor gave us a truck. Mr. John Gates, Regional Supervisor (White), told the new supervisor to take the truck away from us.

I believe that I and Mr. Coleman were discriminated against because of our race (Black) and retaliated against for complaining of the race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Aug 19, 2005         *Jason McLean* <br> Date                 Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT 2

EEOC Form 161 (10/96)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Mr. Jason A. McLean
96 Kentwood Drive
Dover, DE 19801

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2005-02964 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Marie M. Tomasso, District Director          June 29, 2006 *(Date Mailed)*

Enclosure(s)

cc:   Communications Construction Group
Thomas Benjamin Huggett, Esquire (For Respondent)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

ATTORNEY REPRESENTATION -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please **make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# EXHIBIT 3

| Page: 1 | Report Date: 05/31/2005 | Agency: New Castle County PD | | Complaint: 32-05-066101 |
|---|---|---|---|---|
| Reported Date and Time: TUE 05/31/2005 1535 | | Initial Crime Report | | Occurred: TUE 05/31/2005 1411 thru TUE 05/31/2005 1412 |

Location:
cunane CIR forest ridge    Newark, DE 19702
AT ENTRE LANE

M.O. and Incident Overview:
Victim reported that Suspect pointed his finger at Victim and poked him in the chest with his fingers during an argument over a racial epithet made by Suspect last week.

| Grid | Sector | County | Domestic Related | 4-F-14 Sent? | Gen Broadcast Sent? |
|---|---|---|---|---|---|
| 050-330 | 34 | New Castle | ☐Yes ☒No | ☐Yes ☒No | ☐Yes ☒No |

## Victim Information

| Victim Number | Name |
|---|---|
| 001 | COLEMAN, BRIAN T |

| Type | Sex | Race | Ethnic Origin | Age | D.O.B. |
|---|---|---|---|---|---|
| Individual | Male | Black | Non-Hispanic | 32 | ▮1972 |

| Address | Resident Status | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|---|
| 20 tarpon CT WILLINGBORO, NJ 08046 | Full Time | (609) 871-3763 | COMMUNICATIONS CONSTRUCTION GR | (302) 322-7972 |

| Reporting Person? | Victim Injured? | Victim Deceased? | Officer Comments |
|---|---|---|---|
| ☒Yes ☐No | ☐Yes ☒No | ☐Yes ☒No | |

Injuries | Description of Injuries

## Suspect/Defendant Information

| Sequence | Type | SBI Number | Name | Nick Name |
|---|---|---|---|---|
| 001 | Suspect | | DODSON, BRADLEY | |

| Sex | Race | Ethnic Origin | Age | D.O.B. | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Male | White | Non-Hispanic | 33 | ▮/1971 | 6' 03" | 210 | | Blue |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| Brown | | | | | | | |

| Disguise | Disguise Color(s) | Resident Status | Unusual Characteristics | Armed With |
|---|---|---|---|---|
| | | Full Time | | Unarmed |

| Address | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|
| 1021 puzzletown RD DUNCANSVILLE, PA 16635 | (302) 322-7972 | COMMUNICATIONS CONSTRUTION GRP 700 LARKINS ST New Castle, DE 19720 | (302) 322-7972 |

Arrest Number | Suspect's Clothing Description

## Crimes and Associated Information

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 001 | DE:11:0602:000A:M: | Menacing |

| Location Of Offense | Status | Involvement | General Offense |
|---|---|---|---|
| Construction Site | No Victim cooperation 05/31/2005 | ☐Alcohol ☐Drugs ☐Computer | |

| Suspected Hate/Bias | Hate Bias Type | Crime Code |
|---|---|---|
| ☒Yes ☐No - N/A | Anti Black | 13164E - Intimidation/Reckless Endanger/Terroristic Threat/Harassment/Other Assaults/Non-Aggravated |

| Burglary Force Involved | Weapon/Force Used |
|---|---|
| ☐Yes ☐No | Personal WeaponsHands/Feet |

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 002 | DE:11:0601:00a1:M: | Offensive Touching |

| Location Of Offense | Status | Involvement | General Offense |
|---|---|---|---|
| Construction Site | No Victim cooperation 05/31/2005 | ☐Alcohol ☐Drugs ☐Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐Yes ☒No - N/A | 13134E - Offensive Touching/Other Assaults/Non-Aggravated |

| Burglary Force Involved | Weapon/Force Used |
|---|---|
| ☐Yes ☐No | Personal WeaponsHands/Feet |

| M.O. Information | MO Class | MO Description |
|---|---|---|
| | Suspect's General Actions | POINTED FINGER |
| | Type of Weapon Used | HANDS |

## Victim - Suspect/Defendant Relationships

| Victim - 001 | Suspect/Defendant - 001 | Victim Offender Relationship |
|---|---|---|
| COLEMAN, BRIAN T | DODSON, BRADLEY | Otherwise Known |

## Witness Information

| Sequence | Type | Name | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| 001 | Witness | MCLEAN, JOSEPH G | Male | White | 46 | ▮1958 |

| Address | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|
| hcl box 78 MADERA, PA 16661 | (814) 378-5436 | COMMUNICATIONS CONSTRUCTION GR | |

| Sequence | Type | Name | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| 003 | Witness | KOCH, MICHAEL B | Male | White | 36 | ▮1968 |

| Reporting Officer | Supervisor Approval |
|---|---|
| OFC MEYER - 2582 2 | EUGENE J MCKENNA OJNCEJM Date 05/31/2005 1822 |

| Page: 2 | Report Date: 05/31/2005 | Agency: ●●Castle County PD | Complaint: 32-05-066101 |

| Sequence 003 Continued | Witness Information |

| Address: 219 wallingford AVE WALLINGFORD, PA 19086 | Home Telephone: (484) 368-1498 | Employer/School: COMMUNICATIONS CONST GROUP | Work Telephone: |

| Sequence: 005 | Type: Witness | Name: KRAKOWSKI, FRANK | Sex: Male | Race: White | Age: 46 | D.O.B. ●●●958 |
| Address: rd 1 box 229 ROARING SPRING, PA 16673 | Home Telephone: (814) 224-2197 | Employer/School: COMMUNICATIONS CONST GROUP | Work Telephone: |

### Investigative Narrative

On the above date and time I responded to the above location in reference to a possible hate crime incident. Ofc. Falkenburg responded as well and was able to interview the Victim in the incident as well as some of the witnesses. I made contact with the suspect obtaining his account of what had transpired and then met with Ofc. Falkenburg to brief same. I spoke briefly with Victim who had expressed concern over what transpired. I also spoke briefly with W-1 (Koch) who corroborated Victims account with respect to being present when Suspect made the racial statement. Due to the nature of this incident I made contact with Sgt. Gregory advising him of what we had learned which was that a racial slur was made by Suspect towards Victim last week (believed to be on Friday). Victim was advised of what had been said by Suspect and upon hearing same went to speak with Suspect about the matter. Victim had apparently just learned of the statement made by Suspect today's date as the witnesses to same did not say anything on Friday. Victim had concerns over going to the manager as the manager for the site is the suspects' brother. Victim advised that the incident turned into an argument and that Suspect had poked him in the chest. I contacted Deputy AG S. Walther and briefed him on what had transpired and the concerns. I was advised that the matter based upon the offense was a misdemeanor offensive touching not in our presence and therefore Victim could be given a copy to sign warrants. Deputy AG Walther advised that the hate crime status would amplify the charges from unclassified misdemeanor to a class A misdemeanor and was not an actual separate offense believing that there was a flag that could be checked to document same. Based upon the interviews conducted by Officer Falkenburg and myself one offense of menacing was added to this complaint. I made contact with Sgt. Gregory advising him of the conversation with Dep. Ag Walther at which time he contacted Lt. Mcgowan briefing him on same.
  I made contact with Pc Fender who is the site manager and educated him on future issues as well as the actions we would be taking todays date. Victim was provided with the complaint information and referred to Jp court to sign warrants. Based upon the investigation it was learned that this incident stemmed from a statement made by Suspect last week which was racial in nature therefore making same a potential hate crime and documented as such. No further action taken by this officer reference this incident at this time. For additional refer to Officer Falkenburg's supplement as interviews were conducted by same and the exact nature of the statement was relayed to him and then told to me.

### Statement of Suspect 001 - BRADLEY DODSON

Bradley advised that Brian and Jason approached him while he was on the hill drilling. He advised that some guy told them that he called them a nigger. He advised that he supposedly said it last week. (He did not admit or deny making the statement at this time). He advised that they first went to Frank and then to him. He advised that they were yelling at him asking him what he said and claimed that Brian was in his face screaming. He advised that he told them he did not know what they were talking about and called a supervisor at which time he was shaking his finger. He claimed that Brian told him not to point at him however he did so at which time Brian approached him still upset. He advised that he poked Brian in the chest 2-3 times with his fingers at which time Brian poked him back claiming that he should not have done same. He detailed the incident a little better advising that he was up on the hill drilling when Brian came up on a Kubota. He advised that they started yelling at Frank about what they were saying calling them Niggers. He advised that he had no idea what they were talking about and then got on the phone calling Dave (Manager to come over right away. He called Mike the field supervisor and while he was doing so Brian was in front of him with Jason there as well. Brian was making some kind of statement in reference to his hands being lethal. Brian told him not to point his finger at him, however he continued to do so at which point Mike came at him. He poked Brian in the chest with his fingers 2-3 times in the chest adding that he probably should not have done that, however Brian then poked him back.

| Reporting Officer: OFC MEYER - 2582 2 | Supervisor Approval: EUGENE J MCKENNA OINCEJM Date 05/31/2005 1822 |

Statement of Suspect 001 - BRADLEY DODSON - Continued

He understood that warrants could be signed for his arrest by Victim and that there were subjects present who heard him make the statement.

| Reporting Officer | Supervisor Approval | | |
|---|---|---|---|
| OFC MEYER - 2582 2 | EUGENE J MCKENNA  OJNCEJM  Date 05/31/2005 1822 | | |
| Detective Notified | Referred To | | |

| Solvability Factors | ☐ Witness | ☐ M.O. | ☐ Trace Stolen Property | ☐ Suspect Named | Status |
| | ☐ Suspect Located | ☐ Suspect Described | ☐ Suspect Identified | ☐ Suspect Vehicle Identified | **Has Follow Up** |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASON MCLEAN<br>BRIAN COLEMAN, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | C.A. No.: |
| COMMUNICATIONS<br>CONSTRUCTION GROUP INC., | )<br>)<br>)<br>) | |
| AND MIKE FEDER, BRAD DODSON,<br>and JOHNATHAN GATES, | )<br>) | JURY TRIAL DEMANDED |
| Defendants. | )<br>) | |

### AFFIDAVIT OF VERIFICATION

STATE OF DELAWARE     :
                     : SS.
KENT COUNTY           :

BE IT REMEMBERED that on this 28 day of September 2006 personally appeared before me, Brian Coleman, Plaintiff in the captioned action, who being duly sworn by me, a Notary Public, did depose and say that the facts recited in the attached Complaint are true and correct to the best of her knowledge and belief.

_____
Brian Coleman

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

_____
Ronald G. Poliquin

DATED: 9-28-06

RONALD G. POLIQUIN
ATTORNEY AT LAW
MEMBER OF THE DELAWARE BAR

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

06-617

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
McLean, Jason and Coleman, Brian

**DEFENDANTS** Communications Construction Inc., Bradley Dodson, Jonathan Gates, Mike Fender

(b) County of Residence of First Listed Plaintiff: **Kent**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **New Castle**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): Ronald G. Poliquin, 30 The Green, Dover, DE 19901 (302) 672-5600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage |  | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 740 Railway Labor Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |  |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
|  |  |  | **FEDERAL TAX SUITS** |  |
|  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
|  |  |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Title VII 42 U.S. 2000e, 1983, 1981

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 10/2/06

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware



Civil Action No. 06-617 UNA

### ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ___4___ COPIES OF AO FORM 85.

___10-3-06___
(Date forms issued)

_____
(Signature of Party or their Representative)

___Ronald G. Poliquin, Esquire___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action