IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON MCLEAN and<br>BRIAN COLEMAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>COMMUNICATIONS CONSTRUCTION GROUP, LLC, BRAD DODSON, JONATHAN GATES AND MIKE FENDER<br><br>    Defendants. | CIVIL ACTION NO. 06-617 (JJF)<br><br>JURY TRIAL OF TWELVE DEMANDED |

**DEFENDANT COMMUNICATIONS CONSTRUCTION GROUP, LLC'S
<u>ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

        Defendant Communications Construction Group, LLC (hereinafter "CCG") hereby files its Answer and Affirmative Defenses to the Plaintiffs' Complaint, in accordance with the paragraphs contained therein and states as follows:

### THE PARTIES

        1.    The plaintiffs, Jason McLean and Brian Coleman (hereinafter referred to as "plaintiff Coleman" and "plaintiff McLean") were at all times relevant to this complaint, employees of Communications Construction Group, LLC.

<u>Answer:</u>    **Admitted.**

        2.    The defendant Communications Construction Group, LLC (hereinafter referred to as "defendant CCG") is a limited liability company organized and existing under the laws of the State of Delaware, whose agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. CCG is a subsidiary of

Dycom Industries, Inc. The Company serves hundreds of customers in 49 states, with a workforce of over 8,200 employees based in more than 200 locations. http://www.dycomind.com/subs/.

**Answer:** **Denied as stated. CCG admits that it is a limited liability company organized and existing under the laws of the State of Delaware. CCG admits that its registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. CCG admits that it is a separate and legally distinct subsidiary of Dycom Industries, Inc. CCG admits that it has operations in Pennsylvania, Delaware, New Jersey, and New York and currently has approximately 70 employees.**

3. The defendant Mike Fender, hereinafter referred to as "defendant Fender" was at all times relevant to this complaint an employee and supervisor of CCG.

**Answer:** **Denied as stated. Defendant admits that Mike Fender is an employee of CCG who had the title of "supervisor."**

4. The defendant Bradley Dodson, hereinafter referred to as "defendant Dodson" was at all times relevant to this complaint an employee and supervisor of CCG.

**Answer:** **Denied as stated. Defendant CCG admits that Brad Dodson was an employee of CCG who had the title of "foreman."**

5. The defendant Jonathan Gates, hereinafter referred to as "defendant Gates" was at all times relevant to this complaint an employee.

**Answer:** **Denied as stated. Defendant CCG admits that Jonathan Gates is an employee of CCG.**

## JURISDICTION

6. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America and the State of Delaware. This action arises under Title VII, of the Civil Rights Act of 1954, 42 U.S.C: §2000e, et. seq., as amended by the Civil Rights Act of

1991, §704 of Title VII, and 42 U.S.C., §1983. Accordingly, this Court has jurisdiction over the controversy based upon the provisions of 42 U.S.C., §2000e-5(f)(3) as well as 28 U.S.C., §§1331 and 1334. In addition, the actions arises under 42 U.S.C., §1981.

**Answer:** **The allegations in this paragraph contain conclusions of law to which no responsive pleading is required.**

**VENUE**

7. The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware under 42 U.S.C. §1339(b).

**Answer:** **CCG denies that it has engaged in unlawful employment practices. The remaining allegations in this paragraph contain conclusions of law for which no responsive pleading is required.**

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Prior to the filing of this action, the plaintiffs timely filed a written charge of racial discrimination with the Equal Employment Opportunity Commission - Philadelphia District Office and Pennsylvania Human Relations Commission on August 19, 2005 (a copy of which is attached hereto as Exhibit No, "1"), alleging the discriminatory conduct, which occurred beginning on May 31, 2005 and continued through plaintiffs' termination constituting a continuing course of conduct by the Defendant CCG.

**Answer:** **Defendant CCG denies that they have engaged in a continuing course of discriminatory conduct. On information and belief, Defendant CCG admits that Plaintiff McLean filed a charge of racial discrimination on August 19, 2005 and that Plaintiff Coleman filed a charge of racial discrimination on September 10, 2005.**

9. Thereafter, on June 29, 2006, the Equal Employment Opportunity Commission issued to the plaintiffs a "Right to Sue Letter" which was received by plaintiff on or, about July 24, 2006 (a copy of that "Notice of Right to Sue Letter" is attached hereto as Exhibit "2").

**Answer:** **Defendant CCG admits the Equal Employment Opportunity Commission issued a "Right to Sue Letter" dismissing Plaintiffs' charges of discrimination on June 29, 2006. Defendant CCG is without information sufficient to admit or deny the remaining allegations of this paragraph.**

## FACTS

10. Plaintiff Coleman began employment with the defendant on January 29, 2001 and was an operator and laborer of mainline pipe. Coleman was subsequently laid off and terminated.

**Answer:** **Admitted.**

11. Plaintiff McLean began employment with the defendant on January 29, 2001 and was an operator and laborer of mainline pipe. McLean eventually earned the position of foreman until being laid off and terminated.

**Answer:** **Denied as stated. Defendant CCG admits that Plaintiff McLean began his employment with CCG on January 3, 2005. Defendant CCG admits Plaintiff McLean was given the title of foreman. Defendant CCG admits that Plaintiff McLean was laid off for lack of work and terminated.**

12. On or around May 20, 2005 defendant Dodson stated to a group of white employees that, "At least you don't have to work with two dumb niggers!" referring to plaintiffs Coleman and McLean.

**Answer:** **Denied.**

13. At the time, Dodson was defendant's direct supervisor and brother of Dave Dodson, head of CCG's New Castle, Delaware worksite.

**Answer:** **Denied as stated. Defendant CCG admits that Brad Dodson was the brother of Project Supervisor Dave Dodson.**

14. One week later, on May 31, 2005, plaintiffs were informed of the slur by a co-worker.

**Answer:** **Denied as stated. Defendant CCG admits that Plaintiffs Coleman and McLean reported that they did not hear the alleged racial statement for themselves, but were informed of the statement by a coworker on May 31, 2005. Defendant CCG is without information as to whether Brad Dodson made such remarks.**

15. Subsequently, Coleman and McLean asked Dodson if he made the remark. Whereas, Dodson jumped off a machine and continually pointed his finger in McLean's face.

**Answer:** **Denied as stated. Defendant CCG admits that Plaintiff Coleman and Plaintiff McLean confronted Brad Dodson about the remark. On information and belief, Defendant CCG further admits that the Coleman, McLean and Dodson engaged in a heated discussion.**

16. Then Dodson started jabbing his finger against Coleman's chest to the point Coleman was moved backwards.

**Answer:** **Denied as stated. Defendant CCG admits that Brad Dodson has acknowledged that he poked Plaintiff Coleman in the chest with his finger.**

17. After the confrontation, Dodson called his brother Dave Dodson.

**Answer:** **Defendant CCG is without information sufficient to admit or deny this paragraph.**

18. Dave Dodson appointed Mike Fender to handle the situation.

**Answer:** **Denied.**

19. Fender's only solution to the problem was having everyone shake hands and go back to work.

**Answer:** **Denied as stated. Defendant CCG admits that Mike Fender directed everyone to go back to work and reported the incident to human resources.**

20. At that time, plaintiff McLean called Human Resources and plaintiff Coleman called the police.

**Answer:** **Defendant CCG denies Plaintiff McLean called human resources. Defendant CCG admits that the police came to the worksite and questioned all the witnesses. Defendant CCG is without information sufficient to admit or deny the remaining allegations of this paragraph.**

21. Employees Robert Cole and Joseph Tosh confirmed that Dodson made the racial slur about Defendant CCG. (5-31-05 Police Report attached as Exhibit "3").

**Answer:** **Denied.**

22. Defendant Dodson was charged with offensive touching.

**Answer:** **Defendant CCG is without information sufficient to admit or deny this paragraph.**

23. Directly after the incident, the plaintiffs were assigned low-level clean-up work.

**Answer:** **Denied.**

24. Plaintiffs were assigned to a new crew with Harry Ortiz, a Hispanic minority.

**Answer:** **Denied.**

25. The new crew became an instant success accumulating numbers ranging from $400 to $650.

**Answer:** **Denied.**

26.     After only three days, plaintiffs and Ortiz were transferred to a site in West Chester, Pennsylvania.

**Answer:      Denied as stated. Defendant CCG admits that Plaintiffs Coleman and McLean were transferred to a job site in Philadelphia more than one month after the alleged racial incident because the job they were working on in Delaware was being cut by the customer.**

27.     The transfer resulted in a substantial reduction in salary.

**Answer:      Denied.**

28.     The plaintiffs made $1.20 per square foot compared to $2.80 per foot at the New Castle plant.

**Answer:      Denied.**

29.     In addition, the transfer added approximately two (2) hours in additional driving time for the plaintiffs.

**Answer:      Defendant CCG is without information sufficient to admit or deny this paragraph.**

30.     First, plaintiffs were given a truck to compensate for the additional driving.

**Answer:      Denied.**

31.     However, Jonathan Gates, upon learning about the truck, immediately took the truck away from the plaintiffs.

**Answer:      Denied as stated. Defendant CCG admits Plaintiff Coleman was told by Jonathan Gates that as per company policy he could not take the company truck home but he could continue to use it at work.**

32.     Plaintiffs Jonathan Gates and Mike Fender informed plaintiffs that they were the root of the problem because they complained to Human Resources prior to alerting them.

**Answer:**     **Denied.**

33.     Subsequently, the plaintiffs were laid off of work and ultimately terminated without warning.

**Answer:**     **Denied as stated. Defendant CCG admits that due to a loss of work, CCG laid off seven employees including Plaintiff Coleman and Plaintiff McLean.**

34.     Defendant Dodson never received any reprimand or consequence for his actions.

**Answer:**     **Denied.**

### COUNT I: RACIAL HARASSMENT DISCRIMINATION

35.     Paragraphs 1-34 are hereby incorporated as if stated in full.

**Answer:**     **The responses set forth in paragraphs 1-34 of Defendant CCG' Answer to the Complaint are incorporated herein by reference as though they were fully set forth herein.**

36.     Defendant Dodson, a supervisor for defendant Defendant CCG, called Defendants niggers to a group of white employees.

**Answer:**     **Denied.**

37.     The actions by Defendant CCG constitute racial harassment and discrimination in violation of both Federal and State law.

**Answer:**     **Denied.**

38.     Plaintiffs' direct supervisor called them "niggers" because they were African American in front of a group of white employees.

**Answer:**     **Denied.**

39.     The statements were followed by the defendant assaulting the plaintiffs.

**Answer:**     **Denied.**

ME1\5921548.1

40. After plaintiffs addressed the incident with their supervisors and human resources, they were subsequently "transferred" to lower paying jobs, laid off, and ultimately terminated without notice.

**Answer:** **Denied.**

## COUNT II: RETALIATION

41. Paragraphs 1-40 are hereby incorporated as if stated in full.

**Answer:** **The responses set forth in paragraphs 1-40 of Defendant CCG' Answer to the Complaint are incorporated herein by reference as though they were fully set forth herein.**

42. The Defendant CCG' actions towards the plaintiffs were a result of their opposition to, and claims of employment discrimination, and as such were retaliatory in violation of 42 U.S.C. §2000e-3.

**Answer:** **Denied.**

43. The Defendant CCG intentionally, willfully, and wantonly retaliated against Plaintiffs in response to their complaints of racial harassment in violation of Federal and State law.

**Answer:** **Denied.**

## COUNT III: EQUAL PROTECTION CLAUSE

Defendant CCG incorporates by reference herein its Motion for Partial Dismissal as to Count III. Accordingly, no response is required to Paragraphs 44 through 48.

## COUNT IV: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING IMPLIED

Defendant CCG incorporates by reference herein its Motion for Partial Dismissal as to Count IV. Accordingly, no response is required to Paragraphs 49 through 51.

## COUNT V: ASSAULT AND BATTERY

Defendant CCG incorporates by reference herein its Motion for Partial Dismissal as to Count V. Accordingly, no response is required to Paragraphs 52 through 57.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations or filing periods.

2. Plaintiffs' claims are barred to the extent they failed to exhaust administrative remedies and/or prerequisites to bringing suit under the statutes cited in the Complaint.

3. Plaintiffs' claims are barred to the extent they failed to utilize company harassment policy reporting on complaint procedure.

4. Plaintiffs' claims for monetary relief are barred or diminished to the extent they failed to mitigate damages.

5. All actions taken with respect to Plaintiffs were taken in good faith and without discriminatory, harassing, or retaliatory motive.

6. Plaintiffs' Complaint must be dismissed to the extent it fails to state a claim upon which relief can be granted.

ME1\5921548.1

Respectfully submitted,

/s/ Michael P. Kelly
Michael P. Kelly
(DE Bar ID #2295)
McCarter & English LLP
Citizens Bank Building
919 N. Market Street, 18th Floor
Wilmington, DE  19801
302.984.6301
302.984.2493 (fax)
mkelly@mccarter.com

Thomas Benjamin Huggett
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
215.963.5191
215.963.5001 (fax)
tbhuggett@morganlewis.com

Dated: October 24, 2006

Attorneys for Defendant
Communications Construction Group, LLC

ME1\5921548.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Defendant CCG's Answer to the Complaint was served upon:

>Ronald G. Poliquin
>Young, Malmberg & Howard, P.A.
>30 The Green
>Dover, DE 19901
>(302) 672-5600
>Delaware Bar I.D. No. 4447
>
>*Attorney far Plaintiffs*

this 24th day of October, 2006 via United States mail, postage prepaid.

>/s/ Michael P. Kelly
>Michael P. Kelly
>(DE Bar ID #2295)

ME1\5921548.1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Jason McLean & Brian Coleman

(b) County of Residence of First Listed Plaintiff   Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ronald G. Poliquin
30 The Green Dover, DE 19901

**DEFENDANTS**
Communications Construction Group LLC,
Brad Dodson, Jonathan Bates & Mike Fender

County of Residence of First Listed Defendant   New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) Michael P. Kelly (DE Bar ID # 2295)
McCarter & English LLP, 919 N. Market St.
St. 1800, Wilmington, DE 19801

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage |  |  | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability |  |  |  |
| ☐ 441 Voting | **PRISONER PETITIONS** |  |  |  |
| ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 443 Housing/ Accommodations | **Habeas Corpus:** |  |  |  |
| ☐ 444 Welfare | ☐ 530 General |  |  |  |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty |  |  |  |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: Title VII - 42 U.S. 2000(e)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE                                    DOCKET NUMBER

DATE 10/24/06
SIGNATURE OF ATTORNEY OF RECORD   m. p. ull

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____