IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON MCLEAN and<br>BRIAN COLEMAN,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNICATIONS CONSTRUCTION<br>GROUP, LLC,<br><br>Defendant. | C.A. NO. 06-617-SLR |

## DEFENDANT'S MOTION TO EXTEND DISCOVERY

Defendant Communications Construction Group, LLC, by its undersigned counsel, hereby requests a brief one week extension of discovery, until November 5, 2007 for the purpose of taking the depositions of two witnesses, Joseph Tatsch and Robert Koch. No other deadlines in the Court's April 4, 2007 Order will be impacted. In support of this motion, the parties aver as follows:

1. On April 4, 2007, this Court issued an Order setting a discovery closure date of September 28, 2007.

2. During the discovery period, the parties diligently engaged in discovery. The parties exchanged initial disclosures and written discovery requests and responses. The parties also conducted the depositions of Jason McLean, Brian Coleman, David Dodson, Michael Fender, and Lisa Clements.

3. Subsequently, upon Plaintiffs' motion, this Court extended discovery for one month. In support of Plaintiffs' motion, Plaintiffs indicated that the purpose of the extension was so that Plaintiffs could depose two important witnesses, Joseph Tatsch and Robert Koch, who no

ME1 6884156v.1

longer work for Defendant. Defendant agreed to Plaintiffs' motion.

4. Recently, counsel for Plaintiffs informed counsel for Defendant that he would no longer be deposing Joseph Tatsch and Robert Koch as the two individuals agreed to provide Plaintiffs' counsel with the necessary information through informal interviews.

5. Had counsel for Plaintiffs deposed Joseph Tatsch and Robert Koch, Defendant would have had an opportunity to ask these individuals certain questions and to assess the information elicited from Plaintiffs' counsel. Therefore, it has now become apparent to Defendant that Defendant must depose these two individuals.

6. The next date upon which all parties are available for these depositions is November 5, 2007.

7. Defendant has issued subpoenas to Joseph Tatsch (attached as Exhibit A) and Robert Koch (attached as Exhibit B) to appear for depositions in their jurisdictions on November 5, 2007. Robert Koch was personally served with a subpoena on October 25, 2007. Defendant's process server has informed Defendant that Joseph Tatsch was personally served on October 27, 2007. However, the process server has not yet returned the signed proof of service for Joseph Tatsch.

8. Plaintiffs' counsel has indicated to counsel for Defendant that he is agreeable to and available for the depositions of Joseph Tatsch and Robert Koch on November 5, 2007 (see Exhibit C).

WHEREFORE, Defendant Communications Construction Group, by its undersigned counsel, respectfully requests that the Court grant a brief one week extension of the discovery

period to November 5, 2007 for the purpose of taking the depositions of Joseph Tatsch and Robert Koch.

        Respectfully submitted,

/s/ Daniel M. Silver
Michael P. Kelly (DE Bar ID # 2295)
Daniel M. Silver (DE Bar ID # 4758)
McCarter & English LLP
Renaissance Centre
405 N. King St., 8th Floor
Wilmington, DE  19801
302.984.6301
302.984.2493 (fax)
mkelly@mccarter.com
dsilver@mccarter.com

Thomas Benjamin Huggett
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
215.963.5191
215.963.5001 (fax)
tbhuggett@morganlewis.com

Attorneys for Defendant
Communications Construction Group, LLC

Dated: November 1, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON MCLEAN and<br>BRIAN COLEMAN,<br><br>      Plaintiffs,<br><br>v.<br><br>COMMUNICATIONS CONSTRUCTION<br>GROUP, LLC,<br><br>      Defendant. | CIVIL ACTION NO. 06-617 |

## ORDER

AND NOW, this ____ day of _____ 2007, upon consideration of the Defendant's Motion to Extend Discovery, it is hereby ORDERED that the Motion is GRANTED. Discovery in this matter shall be extended by one week, until November 5, 2007.

BY THE COURT:

_____
Robinson, J.

ME1 6884156v.1

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Western DISTRICT OF Pennsylvania

McLean, et al.

V.

Communications Construction Group, LLC

**SUBPOENA IN A CIVIL CASE**

Case Number: 06-617-SLR (pending in the D. Del

TO: Robert J. Koch, Jr.
RR 2, Box 361 A
Portage, PA 15946

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morgan, Lewis & Bockius, One Oxford Centre, Thirty Second Floor, Pittsburgh, PA 15219-6401 | 11/5/2007 9:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney | 10/22/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas Benjamin Huggett, Esquire
1701 Market Street, Philadelphia, PA 19103 (215) 963-5191

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | October 25, 2007 | RR 2 Box 361A Portage, PA 15946 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Robert J. Koch, Jr. | In Person |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John E. Packer | PA State Constable |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   October 25, 2007
                    DATE

SIGNATURE OF SERVER: John E. Packer

ADDRESS OF SERVER: 655 McCoy ST P.O. Bx 3
Nanty-Glo, PA 15943

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT B

≋AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Western | DISTRICT OF | Pennsylvania |
|---|---|---|

| McLean, et al. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Communications Construction Group, LLC | Case Number:[1] 06-617-SLR (pending in the D. Del |

TO: Joseph Gerald Tatsch
HC 1 Box 70 A
Madera, PA 16661

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Morgan, Lewis & Bockius, One Oxford Centre Thirty Second Floor, Pittsburgh, PA 15219-6401 | DATE AND TIME  11/5/2007 1:00 pm |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney | DATE  10/22/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas Benjamin Huggett, Esquire
1701 Market Street, Philadelphia, PA 19103 (215) 963-5191

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT C



| | |
|---|---|
| "Ronald G. Poliquin, Esq." <rpoliquin@youngmalmberg.com> | To  cwirth@morganlewis.com |
| 10/18/2007 11:30 AM | cc |
| | bcc |
| | Subject  RE: FW: McLean v. Communication Construction Group, LLC |

I am available for the 5th.

**From:** cwirth@morganlewis.com [mailto:cwirth@morganlewis.com]
**Sent:** Thursday, October 18, 2007 11:16 AM
**To:** Ronald G. Poliquin, Esq.
**Subject:** Re: FW: McLean v. Communication Construction Group, LLC


Ron,

Are you available for the Koch and Tatsch depositions on either Fri. Nov 2nd or Mon. Nov 5th?

Courtney A. Wirth
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Phone: 215.963.5975
Fax: 215.963.5001
cwirth@morganlewis.com
www.morganlewis.com


To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding penalties under the Internal Revenue Code; or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. For information about why we are required to include this legend in emails, please see
http://www.morganlewis.com/circular230.

```
DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.
```

## CERTIFICATE OF SERVICE

I Daniel M. Silver, hereby certify that a true and correct copy of the foregoing Defendant's Motion to Extend Discovery has been served via CM/ECF this 1st day of November, 2007 upon the following:

>Ronald G. Poliquin, Esq.
>Young, Malmberg & Howard, P.A.
>30 The Green
>Dover, DE 19901
>(302) 672-5600

>/s/ Daniel M. Silver
>Daniel M. Silver (DE Bar ID # 4758)

MEI 6884156v.1