# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

JASON MCLEAN and
BRIAN COLEMAN,

                              **Plaintiffs,**         CIVIL ACTION NO. 06-617 (SLR)

**v.**

COMMUNICATIONS CONSTRUCTION
GROUP, LLC,

                              **Defendant.**

## DEFENDANT'S MOTION TO COMPEL DOCUMENTS AND MOTION TO EXTEND THE DEADLINE FOR SUMMARY JUDGMENT

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant Communications Construction Group, LLC ("CCG"), by and through its undersigned counsel, hereby submits its Motion to Compel Production of Documents and Motion to Extend the Deadline for Summary Judgment and avers as follows:

1.      On February 12, 2007, CCG served its First Set of Requests for Production of Documents on Plaintiffs Jason McLean ("McLean") and Brian Coleman ("Coleman") (collectively "Plaintiffs") via United States mail.

2.      Plaintiffs served their Responses to Defendant's First Set of Requests for Production of Documents on May 15, 2007 but did not produce a single document. (A copy of Plaintiff's Responses which recite Defendant's Requests are attached hereto as "Exhibit A").

3.      During the depositions of McLean and Coleman, both of which took place on Thursday, September 13, 2007, Plaintiffs identified several documents which were

MEI 6936997v.1

responsive to Defendant's document requests but were never produced. These

documents included the following:

- Federal and/or state tax returns filed by Jason McLean on behalf of himself and/or McLean Enterprises for 2005 and 2006;
- W-2 forms, payroll check stubs, and other documents relating to income earned by Jason McLean during his employment with McLean Enterprises and CableNet Services;
- Federal and/or state tax returns filed by Brian Coleman on behalf of himself and/or BC Underground Connection for 2005 and 2006;
- W-2 forms, payroll check stubs, and other documents relating to income earned by Brian Coleman during his employment with BC Underground Connection and JT Enterprises;
- Copies of medical records, medical bills, and any other documentation relating to Jason McLean's throat condition/tonsillitis condition which he identified during his deposition;
- A police report identified by Jason McLean during his deposition which he stated he picked up from the police department before he went to the EEOC;
- Jason McLean's signed verification stating that the Complaint was accurate.

4.      At the September 13, 2007 depositions, counsel for CCG made an oral

request for the documents listed above.

5.      On October 1, 2007, counsel for CCG wrote to counsel for Plaintiffs again

requesting the above mentioned documents. (A copy of the October 1, 2007 letter is

attached as "Exhibit B").

6.      In the October 1, 2007 letter, counsel for CCG also requested the

following documents:

- A signed verification to Plaintiffs' Responses to Defendant's First Set of Interrogatories;
- The "Right to Sue" letter issued by the EEOC to Brian Coleman.

7.      In a response letter dated October 19, 2007, Plaintiffs' counsel stated that

he was in the process of accumulating the information requested and that he would

provide the documents shortly. (A copy of the October 19, 2007 letter is attached hereto

as "Exhibit C").

8.    By letter dated November 7, 2007, counsel for CCG reiterated its request for the documents set forth above for a third time and asked counsel for Plaintiffs to provide by November 9, 2007 a date upon which Defendant could expect to receive the requested documents. (A copy of the November 7, 2007 letter is attached hereto as "Exhibit D").

9.    Plaintiffs did not respond until November 13, 2007. At that time, counsel for Plaintiffs stated that he would not produce the documents until Tuesday, November 20, 2007. (A copy of the November 13, 2007 email is attached as "Exhibit E").

10.    Counsel for CCG instructed counsel for Plaintiffs that this date was not acceptable due to the upcoming Thanksgiving holiday and in light of the fact that summary judgment motions are due on November 28, 2007. Thus, counsel for CCG instructed counsel for Plaintiffs that if they did not receive the requested documents before the close of business on Monday, November 19, 2007, they would file a motion to compel. (See "Exhibit E").

11.    On November 19, 2007, counsel for Plaintiffs faxed to counsel for Defendant some, but not all of the requested documents. Thus, Plaintiffs have still failed to produce the following:

- W-2 forms, payroll check stubs, and other documents relating to income earned by Jason McLean during his employment with McLean Enterprises and CableNet Services;
- Federal and/or state tax returns filed by Brian Coleman on behalf of himself and/or BC Underground Connection for 2005 and 2006;
- W-2 forms, payroll check stubs, and other documents relating to income earned by Brian Coleman during his employment with BC Underground Connection and JT Enterprises;
- Copies of medical records, medical bills, and any other documentation relating to Jason McLean's throat condition/tonsillitis condition which he identified during his deposition;

- A police report identified by Jason McLean during his deposition which he stated he picked up from the police department before he went to the EEOC;
- Jason McLean's signed verification stating that the Complaint was accurate;
- A signed verification to Plaintiffs' Responses to Defendant's First Set of Interrogatories.

12.     In light of the November 28, 2007 summary judgment deadline, Defendant respectfully requests that the Court consider this motion in an expedited fashion or, in the alternative, extend the summary judgment deadline until the matter is resolved.

WHEREFORE, pursuant to Federal Rule of Civil Procedure 37, Defendant Communications Construction Group, LLC hereby requests that this Court enter an Order compelling Plaintiffs to immediately provide Defendant with the documents listed above, or in the alternative, to extend the summary judgment deadline until the matter is resolved.

Respectfully submitted,

/s/ Daniel M. Silver
Michael P. Kelly (DE Bar ID # 2295)
Daniel M. Silver (DE Bar ID # 4758)
McCarter & English LLP
Renaissance Centre
405 N. King St., 8th Floor
Wilmington, DE  19801
302.984.6301
302.984.2493 (fax)
mkelly@mccarter.com
dsilver@mccarter.com

Thomas Benjamin Huggett *(admitted pro hac vice)*
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
215.963.5191
215.963.5001 (fax)
tbhuggett@morganlewis.com

Dated: November 21, 2007

Attorneys for Defendant
Communications Construction Group, LLC

# EXHIBIT A

MAY 2 1 2007

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JASON MCLEAN and )
BRIAN COLEMAN, )
)
    Plaintiffs, )
)
v. )    Civ. No.: 06-617-SLR
)
COMMUNICATIONS )    JURY TRIAL DEMANDED
CONSTRUCTION GROUP, LLC., )
)
    Defendant. )

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

### PRELIMINARY STATEMENT

1.    Plaintiff's investigation and development of all facts and circumstances relating to

this action is ongoing. These responses and objections are made without prejudice to, and

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.    By making the accompanying responses and these objections to Defendant's

requests for production, Plaintiff does not waive, and hereby expressly reserves, its right

to assert any and all objections as to the admissibility of such responses into evidence in

this action, or in any other proceedings, on any and all grounds including, but not limited

to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the

responses and objections herein without in any way implying that it considers the

requests or responses thereto to be relevant or material to the subject matter of this action.

3.    Plaintiff will produce responsive documents only to the extent that such

documents are in the possession, custody, or control of the Plaintiff, as set forth in the

Federal Rules of Civil Procedure.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

6.      Plaintiff objects to each definition and request to the extent that it requires the plaintiff to produce information or documents from persons over whom plaintiff has no control.

7.      Plaintiff objects to each definition and request to the extent that it seeks disclosure of privileged communications, attorney's work product, or trial preparation material.

8.      Plaintiff objects to each definition and request to the extent that it is vexatious or seeks information irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

9.      Plaintiff objects to each definition and request to the extent that it seeks information which is unduly burdensome to obtain and the extent that it is not reasonably calculated to lead to the discovery of admissible evidence, including the request for the identification of "all" documents or "each" and "every" document when all relevant facts can be obtained from fewer than "all" documents or "each" and "every" document.

10.      Plaintiff objects to each definition and request to the extent that it is ambiguous, vague, or otherwise incomprehensible.

11.    Plaintiff objects to each definition and request to the extent that it seeks a response which is duplicative of responses to one or more of defendants' other requests.

12.    Plaintiff objects to each definition and request to the extent it seeks information beyond the scope of U.S District of Delaware Local Rules.

1.    Any and all documents that relate, refer, or upon which you rely in any way with respect to the allegations contained in your Complaint at Count One, paragraphs 35, 36, 37, 38, 39, and 40.  Please identify all documents produced by reference to the specific paragraph(s) of the Complaint to which the document relates or refers.

**ANSWER:**    Documents such as police report, employee records have already been provided to defendant or currently in the possession of defendant.

2.    Any and all documents that relate, refer or upon which you rely in any way with respect to the allegations contained in your Complaint at Count Two, paragraphs 41, 42, and 43.  Please identify all documents produced by reference to the specific paragraph(s) of the Complaint to which the document refers.

**ANSWER:**    Documents such as police report, employee records have already been provided to defendant or currently in the possession of defendant.

3.    Any and all documents that relate, refer or upon which you rely in any way with respect to the allegations contained in your Complaint at Count Three,

paragraphs 44, 45, 46, 47, and 48. Please identify all documents produced by reference to the specific paragraph(s) of the Complaint to which the document relates or refers.

      **ANSWER:**  Documents such as police report, employee records have already been provided to defendant or currently in the possession of defendant.


      4.     Any and all documents that relate, refer or upon which you rely in any way with respect to the allegations contained in your Complaint at Count Four, paragraphs 49, 50, and 51. Please identify all documents produced by reference to the specific paragraph(s) of the Complaint to which the document relates or refers.

      **ANSWER:**  Documents such as police report, employee records have already been provided to defendant or currently in the possession of defendant.


      5.     Any and all documents that relate refer, or upon which you rely in any way with respect to the allegations contained in your Complaint at Count Five, paragraphs 52, 53, 54, 55, 56, and 57. Please identify all documents produced by reference to the specific paragraph(s) of the Complaint to which the document relates or refers.

      **ANSWER:**  Documents such as police report, employee records have already been provided to defendant or currently in the possession of defendant.


      6.     Any and all documents not produced in response to Requests Nos. 1 through 5 that relate or refer in any way to your employment with Defendant including, but not limited to, employment applications, records of wages, commissions and fringe

benefits, performance evaluations, employee handbooks, policy manuals, disciplinary

rules, job assignments, notification of wage increases, requests for leave, warnings or

other disciplinary action taken against you, notification of termination, and complaints to

managerial or supervisory employees.

**ANSWER:**    Documents such as police report, employee records have already

been provided to defendant or currently in the possession of defendant.


7.    Any and all documents that you allege constitute, relate, or refer in any

way to any alleged contract between you and Defendant.

**ANSWER:**    Documents such as police report, employee records have already

been provided to defendant or currently in the possession of defendant.


8.    Any and all documents that constitute, relate, or refer in any way to any

communications between you and any current or former employees of Defendant

concerning allegations of your Complain or your claims against Defendant.

**ANSWER:**    Documents such as police report, employee records have already

been provided to defendant or currently in the possession of defendant.


9.    All written statements or affidavits concerning or supporting the

allegations you have made in this action, including, but not limited to, any statements

made by Defendant or its current or former agents or employees.

**ANSWER:**    Documents such as police report, employee records have already

been provided to defendant or currently in the possession of defendant.

10.    Any and all documents, including, but not limited to, written statements and audio tapes or videotapes of any person, other than counsel, not produced in response to Requests Nos. 1 through 9 that relate or refer in any way to the facts, claims, or allegations in this case.

**ANSWER:**    Documents such as police report, employee records have already been provided to defendant or currently in the possession of defendant.

11.    Any and all documents that you maintain or maintained as personal records, calendars, log books, notes, correspondence, journals, and/or diaries, and that relate to, refer to, or evidence your employment with Defendant, claims against Defendant, or the allegations of your Complaint.

**ANSWER:**    Documents such as police report, employee records have already been provided to defendant or currently in the possession of defendant.

12.    Any and all documents that relate to refer in any way to any charge or complaint filed by you with the United States Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission.

**ANSWER:**    Documents such as police report, employee records have already been provided to defendant or currently in the possession of defendant.

13.    All documents that relate to, refer to, or evidence any damages you claim you have sustained as a result of the conduct of Defendant as alleged in your Complaint or any other monetary relief you are seeking in this action, including, but not limited to



any documents describing the manner in which you calculated, or methods you used to calculate such relief.

ANSWER:    Documents such as police report, employee records have already been provided to defendant or currently in the possession of defendant.

14.    All documents that refer to, relate to, or evidence any counseling or medical treatment sought or received by you in connection with any of the allegations in your Complaint, including, but not limited to, any documents referring to, or evidencing in any way your receipt of psychological or psychiatric treatment or care.

ANSWER:    Documents such as police report, employee records have already been provided to defendant or currently in the possession of defendant.

15.    All documents that refer to, relate to, or evidence any application for and pursuit of workers' compensation benefits.

ANSWER:    Documents such as police report, employee records have already been provided to defendant or currently in the possession of defendant.

16.    Any and all documents not covered by the attorney-client privilege or attorney work-product doctrine, and not otherwise produced in response to the foregoing Requests, used in the preparation of your responses to Defendant's First Set of Interrogatories to Plaintiffs.

ANSWER:    Documents such as police report, employee records have already been provided to defendant or currently in the possession of defendant.

17.    Any and all documents not covered by the attorney-client privilege or

attorney work-product doctrine, and not otherwise produced in response to the foregoing

Requests, identified in your Rule 26(a)(1) initial disclosures.

**ANSWER:**    Documents such as police report, employee records have already

been provided to defendant or currently in the possession of defendant.


**YOUNG, MALMBERG & HOWARD, P.A.**


Ronald G. Poliquin
30 The Green
Dover, DE 19901
(302) 672-5600
Delaware Bar I.D. No. 4447
*Attorney for Plaintiffs*

DATED:  May 15, 2007

MAY 2 1 2007

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASON MCLEAN and | ) | |
| BRIAN COLEMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No.: 06-617-SLR |
| | ) | |
| COMMUNICATIONS | ) | JURY TRIAL DEMANDED |
| CONSTRUCTION GROUP, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I certify that on this 15th day of May 2007, I caused to be served one (1) copy of

the foregoing Plaintiff's Responses to Defendant's First Set of Requests for Production of

Documents on the following parties via United States Mail, postage prepaid:

Thomas Benjamin Huggett
Courtney A. Wirth
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Michael P. Kelly
Andrew S. Dupre
McCarter & English LLP
Citizens Bank Building
919 N. Market Street, 18th Floor
Wilmington, DE 19801

**YOUNG, MALMBERG & HOWARD, P.A.**


/s/ Ronald G. Poliquin
Ronald G. Poliquin
I.D. No. 4447
30 The Green
Dover, DE 19901
(302) 672-5600
*Attorney for Plaintiffs*

MAY 2 1 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASON MCLEAN and<br>BRIAN COLEMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No.: 06-617-SLR |
| | ) | |
| COMMUNICATIONS | ) | JURY TRIAL DEMANDED |
| CONSTRUCTION GROUP, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF
## INTERROGATORIES

### PRELIMINARY STATEMENT

1.      Plaintiffs' investigation and development of all facts and circumstances relating to

this action is ongoing. These responses and objections are made without prejudice to, and

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and these objections to Defendant's

requests for production, Plaintiffs do not waive, and hereby expressly reserves, its right to

assert any and all objections as to the admissibility of such responses into evidence in this

action, or in any other proceedings, on any and all grounds including, but not limited to,

competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses

and objections herein without in any way implying that it considers the requests or

responses thereto to be relevant or material to the subject matter of this action.

3.      Plaintiffs will produce responsive documents only to the extent that such

documents are in the possession, custody, or control of the Plaintiffs, as set forth in the

Federal Rules of Civil Procedure.

4.      Plaintiffs expressly reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

6.      Plaintiffs object to each definition and request to the extent that it require the plaintiffs to produce information or documents from persons over whom plaintiff has no control.

7.      Plaintiffs object to each definition and request to the extent that it seeks disclosure of privileged communications, attorney's work product, or trial preparation material.

8.      Plaintiffs object to each definition and request to the extent that it is vexatious or seeks information irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

9.      Plaintiffs object to each definition and request to the extent that it seeks information which is unduly burdensome to obtain and the extent that it is not reasonably calculated to lead to the discovery of admissible evidence, including the request for the identification of "all" documents or "each" and "every" document when all relevant facts can be obtained from fewer than "all" documents or "each" and "every" document.

10.      Plaintiffs object to each definition and request to the extent that it is ambiguous, vague, or otherwise incomprehensible.





11.    Plaintiffs object to each definition and request to the extent that it seeks a

response which is duplicative of responses to one or more of defendants' other requests.

12.    Plaintiffs object to each definition and request to the extent it seeks information

beyond the scope of U.S District of Delaware Local Rules.

1.    Identify any and all persons whom you know or believe to have knowledge

concerning the facts of this case or the allegations in the Complaint, and (a) state how

you became aware that the person has such knowledge; (b) state whether or not written or

recorded statements have been taken from such persons and who has possession of such

statements if they exist; (c) set forth a summary sufficient to inform Defendant of the

facts known to or observed by each person.

**Answer:**    Joseph Tocsh informed Plaintiffs that Brad Dodson told the entire crew of

approximately six (6) men that Plaintiffs were two (2) dumb niggers. Robert Coke; a

crew member; he informed Plaintiffs that Brad Dodson's called them two (2) dumb

niggers. David Miller; was an eye witness; when Plaintiffs asked about Brad Dodson's

statement. Frank "Last name unknown"; a crew member; drill locator, closest to Brad

Dodson. Lisa Clements; human resources representative; issued write-ups after the

incident. Any CCG employee working in Ocean City in February of 2007.


2.    Describe in detail any admissions or declarations against interest

concerning subject matter of this action you contend that Defendant, by any of its

officers, agents, and/or managers has made.

**Answer:**    Robert Coke and Joseph Tocsh admitted to police that they both heard

Brad Dodson call Plaintiffs two (2) dumb niggers. Mike Fender asked Plaintiffs not to

call the police. John Gates made statement to Plaintiffs about knowing Bradley Dodson

for a long time and that he didn't think he meant it like that.


3.    Specify any documents, of which you have knowledge, concerning the facts of

this case or the allegations in the Complaint, or upon which you intend to rely in the

prosecution of this case.

**Answer:**    Initial police report, employee warning report, and record of employment

separation previously provided to the defendants.


4.    Describe any event or occurrence that you contend constituted the alleged claims

in the Complaint, and list each such event or occurrence separately.

**Answer:**    Plaintiff received a written warning report for the complaint made against

Bradley Dodson on June 20, 2005. Two (2) weeks later, plaintiff was verbally told that

he was being transferred. On October 6, 2005, Plaintiff received employment separation

papers due to lack of work. Supervisor Brad Dodson called Plaintiffs two (2) dumb

niggers. In addition, see original complaint.


5.    With respect to the damages and relief that you seek, separately:

    a.    describe each element of the damage or monetary loss and its exact dollar

        amount that you allegedly incurred as a result of the actions of Defendant

        referred to in the Complaint;

    b.    describe the method by which each dollar amount was calculated,

        including the time periods reflected in that calculation, with sufficient

specificity so that Defendant are apprised of the methodology used and is

able to determine the accuracy of the computation; and

c.    specify any and all documents supporting the damages claims.

**Answer:**    Plaintiffs suffered compensatory damages, damages for emotional distress,

damages for pain and suffering, lost wages, fringe benefits, front pay, special damages,

medical expenses as a result of Defendant illegal actions.


6.    Identify any expert witness whom you propose to use as an expert witness at the

trial of this case, and for each such expert witness, list separately the expert's

qualifications, the subject matter on which the expert is expected to testify, and a

summary of the grounds for each opinion.

**Answer:**    None at this time.


7.    With respect to your claim for compensatory damages for physical or emotional

distress, separately:

a.    identify each health-care provider (including, but not limited to, doctors,

psychiatrists, psychologists, physical therapists, hospitals and nursing

homes) and person from whom you have sought or received medical or

psychological treatment or counseling;

b.    describe the symptoms or conditions for which you sought or received

treatment, the dates on which and places where treatment was sought or

received treatment, the dates on which and places where treatment was

sought or received, the diagnosis given, the nature of the treatment



received, the medication provided (if any), any diagnostic tests that were

performed, what the tests disclosed, and the date on which treatment

ceased; and

c.       identify any and all documents including, but not limited to

communications, records, memoranda, notes, and bills, relating or

referring to such treatment, and append an exact copy of the entire report

or reports of any treating physicians.

**Answer:**       None at this time.


YOUNG, MALMBERG & HOWARD, P.A.


Ronald G. Poliquin
30 The Green
Dover, DE 19901
(302) 672-5600
Delaware Bar I.D. No. 4447
*Attorney for Plaintiffs*


DATED:  May 15, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JASON MCLEAN and<br>BRIAN COLEMAN, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No.: 06-617-SLR |
| | ) | |
| COMMUNICATIONS | ) | JURY TRIAL DEMANDED |
| CONSTRUCTION GROUP, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I certify that on this 15th day of May 2007, I caused to be served one (1) copy of

the foregoing Plaintiff's Responses to Defendant's First Set of Interrogatories on the

following parties via United States Mail, postage prepaid:

Thomas Benjamin Huggett
Courtney A. Wirth
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Michael P. Kelly
Andrew S. Dupre
McCarter & English LLP
Citizens Bank Building
919 N. Market Street, 18th Floor
Wilmington, DE 19801

**YOUNG, MALMBERG & HOWARD, P.A.**

/s/ Ronald G. Poliquin
Ronald G. Poliquin
I.D. No. 4447
30 The Green
Dover, DE 19901
(302) 672-5600
*Attorney for Plaintiffs*

# EXHIBIT B

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com
Thomas Benjamin Huggett
tbhuggett@morganlewis.com
215.963.5191



Morgan Lewis
COUNSELORS AT LAW

October 1, 2007

**VIA FACSIMILE & U.S. MAIL**

Ronald Poliquin, Esq.
Young, Malmberg & Howard
30 The Green
Dover, Delaware 19901

Re:  McLean, et al. v. Communications Construction Group, LLC (D. Del) No. 06-617

Dear Ron:

I am writing to follow-up on several outstanding discovery issues.

First, in accordance with Defendant's Document Request No. 13 for all documents relating to damages claimed in this matter, I respectfully request that you supplement your discovery response by producing the following documents. As you may recall, these documents were identified at the depositions of Plaintiff Jason McLean and Plaintiff Brian Coleman, both of which took place on Thursday, September 13, 2007.

- Federal and/or state tax returns filed by Jason McLean on behalf of himself and/or McLean Enterprises for 2005 and 2006.
- W-2 forms, payroll check stubs, and other documents relating to income earned by Jason McLean during his employment with McLean Enterprises and CableNet Services.
- Federal and/or state tax returns filed by Brian Coleman on behalf of himself and/or BC Underground Connection for 2005 and 2006.
- W-2 forms, payroll check stubs, and other documents relating to income earned by Brian Coleman during his employment with BC Underground Connection and JT Enterprises.

Next, pursuant to Defendant's Document Request No. 14 for all documents relating to medical treatment sought by Plaintiffs in connection with this matter, I respectfully request that you supplement your discovery responses by providing copies of medical records, medical bills, and any other documentation relating to Jason McLean's throat condition/tonsillitis condition which he identified during his deposition.

In addition, Jason McLean identified a police report during his deposition which he stated he picked up from the police department before he went to the EEOC. Please verify whether he is referring to a different police report than the report that was attached to the Complaint as Exhibit

Ronald Poliquin, Esq.
October 1, 2007
Page 2

**Morgan Lewis**
COUNSELORS AT LAW

A. If he is referring to a different police report, I request that you provide us with that report in accordance with Defendant's Document Request No. 10 for all written statements relating to the facts and allegations asserted in this case.

Jason McLean also stated during his deposition that he believed he signed a verification stating that the Complaint was accurate. The copy of the Complaint which we received only contained a verification signed by Brian Coleman. Thus, please provide us with a copy of Jason McLean's signed verification.

Additionally, Rule 33 of the Federal Rules of Civil Procedure requires that answers to interrogatories be signed by the person making them. As we did not receive a signed verification to Plaintiffs' Responses to Defendant's First Set of Interrogatories, please also provide us with this document.

Exhibit 2 to Plaintiffs' Complaint only contains a "Right to Sue" letter issued by the EEOC to Jason McLean. Please provide us with the "Right to Sue" letter issued by the EEOC to Brian Coleman.

Finally, please confirm that you are no longer planning to utilize an expert in connection with this matter. Plaintiffs' Initial Disclosures identified Dr. Robert Minnehan as an expert and then Plaintiffs' response to Defendant's Interrogatory 6 states that there is no expert.

I look forward to your cooperation on these issues. Please call me should you wish to discuss further.

Sincerely,

Thomas Benjamin Huggett
TBH/caw

# EXHIBIT C

OCT 2 3 2007

Law Offices of
**YOUNG, MALMBERG & HOWARD, P.A.**
Professional Association
30 The Green
Dover, Delaware 19901
www.youngmalmberg.com

Kenneth J. Young
Constantine F. Malmberg, III
Kevin M. Howard
Ronald G. Poliquin

Phone: (302) 672-5600
Fax:    (302) 674-0549

October 19, 2007

Morgan, Lewis & Bockius, LLP
Thomas Benjamin Huggett, Esquire
1701 Market Street
Philadelphia, PA 19103-2921

**RE: McLean, et al. v. Communications Construction Group, LLC**

Dear Ben:

This letter is in response to your letter about some outstanding discovery issues. Please be aware that my clients are in the process of accumulating the information, which you have requested. I hope to have these documents to you shortly.

In addition, I am writing concerning our outstanding discovery requests concerning Mr. Bradley Dodson's entire employment record. After speaking with Ms. Wirth, it has come to my attention that the only records provided to us concerning Bradley Dodson were in reference to the incident with Mr. McLean and Mr. Coleman. However, it is our position that we are entitled to Mr. Dodson's entire employment file. If you object to this request, please let me know so that I can contact the Judge and bring the issue before her.

Thank you for your consideration in these matters.

Very truly yours,

Ronald G. Poliquin, Esquire
RGP/dmf

cc: Jason McLean and Brian Coleman

# EXHIBIT D

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Thomas Benjamin Huggett**
tbhuggett@morganlewis.com
215.963.5191

November 7, 2007

**VIA FACSIMILE & U.S. MAIL**

Ronald Poliquin
Young, Malmberg & Howard, P.C.
30 The Green
Dover, Delaware 19901

Re:     McLean, et al. v. Communications Construction Group, LLC (D. Del) No. 06-617

Dear Ron:

I am writing to follow-up on several outstanding discovery issues.

At the depositions of Plaintiff Jason McLean and Plaintiff Brian Coleman, both of which took place on Thursday, September 13, 2007, I requested, and you agreed, to provide the following documents:

- Federal and/or state tax returns filed by Jason McLean on behalf of himself and/or McLean Enterprises for 2005 and 2006;
- W-2 forms, payroll check stubs, and other documents relating to income earned by Jason McLean during his employment with McLean Enterprises and CableNet Services;
- Federal and/or state tax returns filed by Brian Coleman on behalf of himself and/or BC Underground Connection for 2005 and 2006;
- W-2 forms, payroll check stubs, and other documents relating to income earned by Brian Coleman during his employment with BC Underground Connection and JT Enterprises;
- Copies of medical records, medical bills, and any other documentation relating to Jason McLean's throat condition/tonsillitis condition which he identified during his deposition;
- A police report identified by Jason McLean during his deposition which he stated he picked up from the police department before he went to the EEOC;
- Jason McLean's signed verification stating that the Complaint was accurate.

These documents were again requested by letter dated October 1, 2007. Additionally, in the October 1, 2007 letter, the following documents were requested:

- A signed verification to Plaintiffs' Responses to Defendant's First Set of Interrogatories.
- The "Right to Sue" letter issued by the EEOC to Brian Coleman.

Pittsburgh   Philadelphia   Washington   New York   Los Angeles   San Francisco   Miami   Princeton
Chicago   Palo Alto   Dallas   Harrisburg   Irvine   Boston   Minneapolis   Houston   London   Paris   Brussels   Frankfurt   Tokyo   Beijing

1-PH/2788675.2

Ronald Poliquin
November 7, 2007
Page 2

**Morgan Lewis**
COUNSELORS AT LAW

By letter dated October 19, 2007, you agreed to provide us with all of the documents listed above. However, to date, we have not received any such documents or any further communication from you on the status of this information.

Please provide us by Friday, November 9, 2007 with these documents or with an affirmative date on which we can expect to receive these documents well in advance of the November 28 deadline for dispositive motions. Otherwise, we will have no option but to seek these documents by means of a motion to compel.

I look forward to your cooperation on these issues.

Sincerely,

Thomas Benjamin Huggett
TBH/caw

cc:    Lisa Clements
       Michael P. Kelly and Daniel M. Silver
       Courtney Wirth

# EXHIBIT E


Courtney A.
Wirth/PH/MLBLaw
11/13/2007 06:01 PM

To    "Ronald G. Poliquin, Esq."
      <rpoliquin@youngmalmberg.com>

cc

bcc

Subject   RE: McLean v. Communication Construction Group, LLC

Ron,

I don't mean to be disagreeable.  However, in light of the fact that next week is the Thanksgiving holiday and summary judgment motions are due on 11/28, I would respectfully ask that you produce the documents such that we receive them in our office before the close of business on Monday, 11/19.  If we do not receive the documents before close of business on Monday 11/19, we will file a motion to compel. Thanks.

Courtney A. Wirth
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Phone: 215.963.5975
Fax: 215.963.5001
cwirth@morganlewis.com
www.morganlewis.com

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding penalties under the Internal Revenue Code; or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  For information about why we are required to include this legend in emails, please see http://www.morganlewis.com/circular230.
"Ronald G. Poliquin, Esq." <rpoliquin@youngmalmberg.com>


"Ronald G. Poliquin, Esq."
<rpoliquin@youngmalmberg.c
om>
11/13/2007 01:50 PM

To    cwirth@morganlewis.com

cc

Subject   RE: McLean v. Communication Construction Group, LLC

Also,

I am getting all of the documents together to produce, I ask that you give me until next Tuesday.

Thanks
Ronald G. Poliquin, Esquire
30 The Green
Dover, DE 19901
302-672-5600
302-674-0549 (fax)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**JASON MCLEAN and**
**BRIAN COLEMAN,**

**Plaintiffs,**

**v.**

**COMMUNICATIONS CONSTRUCTION**
**GROUP, LLC,**

**Defendant.**

**CIVIL ACTION NO. 06-617 (SLR)**

## CERTIFICATION PURSUANT TO
## LOCAL RULE 7.1.1 AND FED. R. CIV. P. 37(a)(2)(A)

I, Daniel M. Silver, attorney for Defendant Communications Construction

Group, LLC, certify that the parties, after reasonable effort, have been unable to resolve

this discovery dispute. These efforts are described fully in the attached Motion to

Compel Production of Documents.

/s/ Daniel M. Silver
Daniel M. Silver (DE Bar ID # 4758)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JASON MCLEAN and
BRIAN COLEMAN,

                        **Plaintiffs,**

v.

COMMUNICATIONS CONSTRUCTION
GROUP, LLC,

                        **Defendant.**

CIVIL ACTION NO. 06-617 (SLR)

## ORDER

AND NOW, this ___ day of _____, 2007, upon

consideration of Defendant's Motion to Compel Production of Documents, it is hereby

ORDERED that said Motion is GRANTED, and that Plaintiff shall deliver to Defendant

by _____ 2007, the following documents:

- Federal and/or state tax returns filed by Brian Coleman on behalf of himself and/or BC Underground Connection for 2005 and 2006;
- Copies of medical records, medical bills, and any other documentation relating to Jason McLean's throat condition/tonsillitis condition which he identified during his deposition;
- A police report identified by Jason McLean during his deposition which he stated he picked up from the police department before he went to the EEOC;
- Jason McLean's signed verification stating that the Complaint was accurate;
- A signed verification to Plaintiffs' Responses to Defendant's First Set of Interrogatories.

MEI 6936997v.1

AND NOW, this ___ day of _____, 2007, upon

consideration of Defendant's Motion to Extend the Deadline for Summary Judgment, it is

hereby ORDERED that the deadline for filing summary judgment motions has been

stayed until the above Motion has been resolved.

BY THE COURT:

_____
                                    ROBINSON, J.

<u>**CERTIFICATE OF SERVICE**</u>

I, Daniel M. Silver, hereby certify that a true and correct copy of the foregoing

Defendant's Motion to Compel Documents And Motion to Extend the Deadline for

Summary Judgment has been served via CM/ECF this 21st day of November 2007 upon

the following:

> Ronald G. Poliquin
> Young, Malmberg & Howard, P.A.
> 30 The Green
> Dover, DE 19901
> (302) 672-5600
> Delaware Bar I.D. No. 4447
>
> Attorney for Plaintiffs

/s/ Daniel M. Silver
Daniel M. Silver (DE Bar ID # 4758)

ME1 6936997v.1