**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **JASON MCLEAN and BRIAN COLEMAN,**<br><br>　　　　　　　　**Plaintiffs,**<br><br>v.<br><br>**COMMUNICATIONS CONSTRUCTION GROUP, LLC,**<br><br>　　　　　　　　**Defendant.** | **CIVIL ACTION NO. 06-617 (SLR)** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
COMMUNICATIONS CONSTRUCTION GROUP, LLC'S MOTION IN LIMINE**

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Daniel M. Silver
　　　　　　　　　　　　　　　　　　　　Michael P. Kelly (DE Bar ID # 2295)
　　　　　　　　　　　　　　　　　　　　Daniel M. Silver (DE Bar ID # 4758)
　　　　　　　　　　　　　　　　　　　　McCarter & English LLP
　　　　　　　　　　　　　　　　　　　　Renaissance Centre
　　　　　　　　　　　　　　　　　　　　405 N. King St., 8th Floor
　　　　　　　　　　　　　　　　　　　　Wilmington, DE  19801
　　　　　　　　　　　　　　　　　　　　302.984.6301
　　　　　　　　　　　　　　　　　　　　302.984.2493 (fax)
　　　　　　　　　　　　　　　　　　　　mkelly@mccarter.com
　　　　　　　　　　　　　　　　　　　　dsilver@mccarter.com

　　　　　　　　　　　　　　　　　　　　Thomas Benjamin Huggett *(admitted pro hac vice)*
　　　　　　　　　　　　　　　　　　　　Morgan, Lewis & Bockius LLP
　　　　　　　　　　　　　　　　　　　　1701 Market Street
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA  19103-2921
　　　　　　　　　　　　　　　　　　　　215.963.5191
　　　　　　　　　　　　　　　　　　　　215.963.5001 (fax)
　　　　　　　　　　　　　　　　　　　　tbhuggett@morganlewis.com

Dated:  February 25, 2008　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　Communications Construction Group, LLC

ME1 7163261v.1

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | NATURE AND STAGE OF THE PROCEEDING.............................................. | 1 |
| II. | SUMMARY OF ARGUMENT ......................................................................... | 1 |
| III. | STATEMENT OF FACTS ................................................................................ | 1 |
| IV. | ARGUMENT...................................................................................................... | 2 |
| | A. The Court Should Exclude Police Report Because It Is Untrustworthy.... | 2 |
| | B. The Court Should Exclude Police Report Because It Contains Double Hearsay ................................................................................................... | 3 |
| | C. The Court Should Exclude Police Report Because It Is Unduly Prejudicial ................................................................................................................. | 4 |
| V. | CONCLUSION................................................................................................... | 5 |

ME1 7163261v.1

## TABLE OF AUTHORITIES

Cambra v. The Restaurant School,
Civ.A.No. 04-2688, 2005 WL 2886220 (E.D. Pa. Nov. 2, 2005)..................................................4

Krepps v. Gov't of the Virgin Islands,
No. CRIM.A. 1999/0047, 2006 WL 1149216 (D.V.I. April 13, 2006) .........................................3

McShain v. Cessna Aircraft Co.,
563 F.2d 632 (3rd Cir. 1977) .........................................................................................................3

Racz v. R.T. Merryman Trucking, Inc.,
Civ.A.No. 92-3404, 1994 WL 124857 (E.D.Pa. April 4, 1994) ....................................................2

U.S. v. Taylor,
462 F.3d 1023 (8th Cir. 2006) .......................................................................................................3

## FEDERAL STATUTES

42 U.S.C. §§ 2000e et seq..............................................................................................................1

ME1 7163261v.1

I.  **NATURE AND STAGE OF THE PROCEEDING**

Plaintiff Jason McLean ("Mr. McLean") and Plaintiff Brian Coleman ("Mr. Coleman") (collectively "Plaintiffs") allege claims of racial harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), Count I, and retaliation in violation of Title VII, Count II, against Defendant Communications Construction Group, LLC ("Defendant" or "CCG").  Currently pending before the Court are CCG's motion for summary judgment as to all of Plaintiffs' claims and Plaintiffs' partial motion for summary judgment with respect to their racial harassment claim only.  Trial in this matter is set to commence on March 31, 2008.  As explained more fully in CCG's motion for summary judgment, Plaintiffs will be unable to point to any admissible evidence at trial necessary to establish their claims of racial discrimination, harassment or retaliation.  Therefore, CCG anticipates that Plaintiffs will attempt to introduce inadmissible evidence in an attempt to strengthen their already weak claims.  Accordingly, CCG files this motion in limine to preclude Plaintiffs from introducing such inadmissible evidence.

II.  **SUMMARY OF ARGUMENT**

1.  The May 31, 2005 police report should be excluded from trial because it lacks trustworthiness, contains hearsay statements, and because its' probative value is substantially outweighed by the danger of unfair prejudice, confusion and delay.

III.  **STATEMENT OF FACTS**

On May 31, 2005, a CCG employee told Plaintiffs that during the prior week, he heard another CCG employee, Bradley Dodson, make a comment allegedly referring to Mr. McLean and Mr. Coleman as "niggers."  It is undisputed that Mr. McLean and Mr. Coleman were not present during this conversation and neither Plaintiff actually heard Bradley Dodson make the alleged statement.  Rather, Mr. McLean and Mr. Coleman only heard the statement second hand

1

from another employee who repeated it to them.

After being told about the alleged racial slur, Mr. McLean and Mr. Coleman left the spot where they were working and went to confront Bradley Dodson in another area. Mr. Coleman and Bradley Dodson got into a verbal altercation and Bradley Dodson apparently poked Mr. Coleman in the chest. Mr. Coleman called the police, and when the police arrived they met outside, on the street with various individuals involved in the incident and then sometime later prepared a summary report. (See Police Report, attached as Exhibit A). This report is inaccurate, contains inadmissible hearsay, and includes unduly prejudicial statements.

IV.  **ARGUMENT**

At this time, Defendant does not know whether Plaintiffs will attempt to call the Police Officers who responded to Mr. Coleman's telephone call on May 31, 2005 as witnesses in the trial of this matter. Plaintiffs may certainly do so. Plaintiffs should not, however, be allowed to simply introduce the report prepared by the Officers because it is an unreliable hearsay statement by the Officers and would not be subject to cross examination.

A.  **The Court Should Exclude Police Report Because It Is Untrustworthy**

While Defendant acknowledges that under Federal Rule of Evidence 803(8) ("Rule 803(8)") police reports setting forth "factual findings resulting from an investigation made pursuant to authority granted by law" are generally admissible as exempt from the hearsay rule exclusion, such reports are not admissible if the "circumstances indicate lack of trustworthiness." In making the determination of trustworthiness, courts should place emphasis on the reliability of the report. See Racz v. R.T. Merryman Trucking, Inc., Civ.A.No. 92-3404, 1994 WL 124857 (E.D.Pa. April 4, 1994) (excluding a police report as unreliable and thus "untrustworthy" under Rule 803(8)). Here, there are a number of concerns regarding the accuracy of the report. Indeed, Mr. McLean himself admitted in his deposition testimony that the May 31, 2005 police report

2

contained significant inaccuracies.

> Q. Okay. Have you reviewed the police report that is attached to the complaint in this action?
> A. Yes
>
> * * *
>
> Q. It also says that you are a White male, age 46. How old are you?
> A. 23.
> Q. And you are not a White male?
> A. Half.
> Q. If you were to be asked by the police your race, would you say White?
> A. And black.
> Q. So you would agree this report is not entirely accurate?
> A. I would agree.

Exhibit B [McLean Dep.] at 21:17-19; 22:20-23:6). The fact that the police report does not get the age or race of the Plaintiff correct demonstrates its untrustworthiness.

### B. The Court Should Exclude Police Report Because It Contains Double Hearsay

The police report should also be excluded because it contains inadmissible double hearsay. To the extent that a police report contains statements that are attributable to persons other than the reporting officer, such statements constitute inadmissible hearsay and are not covered by Rule 803(8)'s hearsay exemption. See McShain v. Cessna Aircraft Co., 563 F.2d 632, 636 (3rd Cir. 1977); see also U.S. v. Taylor, 462 F.3d 1023, 1026 (8th Cir. 2006) (finding a police report inadmissible that contained a recitation of the witnesses statements to police). Thus, police reports containing statements of others are regarded as "unreliable" because such reports "reflect the statements of third parties who have not duty to report and whose reliability cannot be tested." Krepps v. Gov't of the Virgin Islands, No. CRIM.A. 1999/0047, 2006 WL 1149216, *6 (D.V.I. April 13, 2006) (excluding a police report in part due to hearsay statements). In this case, the report purports to contain an extensive statement of Bradley Dodson. This statement constitutes inadmissible hearsay.

3

### C. The Court Should Exclude Police Report Because It Is Unduly Prejudicial

As a final strike against it, the police report should also be excluded under Federal Rule of Evidence 403 ("Rule 403"). Rule 403 provides that otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Here, the police report makes several references to the May 31, 2005 incident as a possible "hate crime." However, there is no record evidence that Bradley Dodson was ever charged with a hate crime stemming from the incident. The term "hate crime" has a highly negative connotation and would cause an emotional impact on jury members. Thus, admission of the police report would be highly prejudicial to CCG as a jury trial has been demanded in this case, and a jury may give undue weight to such a statement in a report written by a police officer.

Moreover, the police report has a very low probative value. The report is wholly duplicative of information and admissible evidence that can be presented at trial. The police officers themselves witnessed no events or occurrences and have no first hand knowledge. The report includes only hearsay statements and conclusions from witnesses. The majority of individuals interviewed by the police as witnesses were deposed in this matter. And as to those witnesses who were not deposed, Plaintiffs made no effort to depose them and have not otherwise shown that they were unable to depose any of those witnesses.

Therefore, the police report should be excluded because the reference to a hate crime would be highly prejudicial to CCG, and this prejudice outweighs the probative value of the report under Rule 403 as Plaintiffs can obtain the evidence contained in the police report by other means. See, e.g., Cambra v. The Restaurant School, Civ.A.No. 04-2688, 2005 WL 2886220, *5 (E.D. Pa. Nov. 2, 2005) (excluding evidence under Rule 403 where the evidence had low a

4

probative value that was substantially outweighed by the danger of unfair prejudice).

## V.    CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court enter an Order granting its Motion in Limine and excluding the evidence referenced above.

Respectfully submitted,

/s/ Daniel M. Silver
Michael P. Kelly (DE Bar ID # 2295)
Daniel M. Silver (DE Bar ID # 4758)
McCarter & English LLP
Renaissance Centre
405 N. King St., 8th Floor
Wilmington, DE  19801
302.984.6301
302.984.2493 (fax)
mkelly@mccarter.com
dsilver@mccarter.com

Thomas Benjamin Huggett *(admitted pro hac vice)*
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
215.963.5191
215.963.5001 (fax)
tbhuggett@morganlewis.com

Dated:  February 25, 2008        Attorneys for Defendant
Communications Construction Group, LLC

**CERTIFICATE OF SERVICE**

I, Daniel M. Silver, hereby certify that a true and correct copy of the foregoing Defendant Communications Construction Group, LLC's Memorandum of Law in Support of its Motion in Limine and all Exhibits thereto, has been served via CM/ECF this 25th day of February, 2008 upon the following:

>Ronald G. Poliquin
>Young, Malmberg & Howard, P.A.
>30 The Green
>Dover, DE 19901
>(302) 672-5600
>Delaware Bar I.D. No. 4447
>
>Attorney for Plaintiffs

/s/ Daniel M. Silver
Daniel M. Silver (DE Bar ID # 4758)

ME1 7163261v.1

# EXHIBIT A

| Page: 1 | Report Date: 05/31/2005 | Agency: New Castle County PD | | Complaint: 32-05-066101 |
|---|---|---|---|---|
| Reported Date and Time: TUE 05/31/2005 1535 | | Initial Crime Report | | Occurred: TUE 05/31/2005 1411 thru TUE 05/31/2005 1412 |

Location: cunane CIR forest ridge   Newark, DE 19702
AT ENTRE LANE

M.O. and Incident Overview:
Victim reported that Suspect pointed his finger at Victim and poked him in the chest with his fingers during an argument over a racial epithet made by Suspect last week.

| Grid: 050-330 | Sector: 34 | County: New Castle | Domestic Related: ☐Yes ☒No | 4-F-14 Sent?: ☐Yes ☒No | Gen Broadcast Sent?: ☐Yes ☒No |

## Victim Information

| Victim Number: 001 | Name: COLEMAN, BRIAN T | | | | | |
|---|---|---|---|---|---|---|
| Type: Individual | Sex: Male | Race: Black | Ethnic Origin: Non-Hispanic | Age: 32 | D.O.B.: ▓▓/1972 | |
| Address: 20 tarpon CT WILLINGBORO, NJ 08046 | | Resident Status: Full Time | Home Telephone: (609) 871-3763 | Employer/School: COMMUNICATIONS CONSTRUCTION GR | | Work Telephone: (302) 322-7972 |
| Reporting Person?: ☒Yes ☐No | Victim Injured?: ☐Yes ☒No | Victim Deceased?: ☐Yes ☒No | Officer Comments: | | | |

Injuries:                     Description of Injuries:

## Suspect/Defendant Information

| Sequence: 001 | Type: Suspect | SOI Number: | Name: DODSON, BRADLEY | | | Nick Name: | | |
|---|---|---|---|---|---|---|---|---|
| Sex: Male | Race: White | Ethnic Origin: Non-Hispanic | Age: 33 | D.O.B.: ▓▓/1971 | Height: 6' 03" | Weight: 210 | Skin Tone: | Eye Color: Blue |
| Hair Color: Brown | Hair Length: | Hair Style: | Facial Hair: | Voice Speech: | Teeth: | Build: | Glasses: | |
| Disguise: | Disguise Color(s): | | Resident Status: Full Time | Unusual Characteristics: | Armed With: Unarmed | | | |
| Address: 1021 puzzletown RD DUNCANSVILLE, PA 16635 | | | Home Telephone: (302) 322-7972 | Employer/School: COMMUNICATIONS CONSTRUTION GRP 700 LARKINS ST New Castle, DE 19720 | | | Work Telephone: (302) 322-7972 | |
| Arrest Number: | Suspect's Clothing Description: | | | | | | | |

## Crimes and Associated Information

| Victim Number: 001 | Crime Seq: 001 | Statute: DE:11:0602:000A:M: | Crime Description: Menacing | | | |
|---|---|---|---|---|---|---|
| Location Of Offense: Construction Site | | Status: No Victim cooperation 05/31/2005 | | Involvement: ☐Alcohol ☐Drugs ☐Computer | | General Offense: |
| Suspected Hate/Bias: ☒Yes ☐No-N/A | Hate Bias Type: Anti Black | Crime Code: 13164E - Intimidation/Reckless Endanger/Terroristic Threat/Harassment/Other Assaults/Non-Aggravated | | | | |
| Burglary Force Involved: ☐Yes ☐No | Weapon/Force Used: Personal Weapons Hands/Feet | | | | | |

| Victim Number: 001 | Crime Seq: 002 | Statute: DE:11:0601:00a1:M: | Crime Description: Offensive Touching | | | |
|---|---|---|---|---|---|---|
| Location Of Offense: Construction Site | | Status: No Victim cooperation 05/31/2005 | | Involvement: ☐Alcohol ☐Drugs ☐Computer | | General Offense: |
| Suspected Hate/Bias: ☐Yes ☒No-N/A | Crime Code: 13134E - Offensive Touching/Other Assaults/Non-Aggravated | | | | | |
| Burglary Force Involved: ☐Yes ☐No | Weapon/Force Used: Personal Weapons Hands/Feet | | | | | |

| M.O. Information | MO Class: Suspect's General Actions | MO Description: POINTED FINGER |
|---|---|---|
| | MO Class: Type of Weapon Used | MO Description: HANDS |

## Victim - Suspect/Defendant Relationships

| Victim - 001: COLEMAN, BRIAN T | Suspect/Defendant - 001: DODSON, BRADLEY | Victim Offender Relationship: Otherwise Known |

## Witness Information

| Sequence: 001 | Type: Witness | Name: MCLEAN, JOSEPH G | | Sex: Male | Race: White | Age: 46 | D.O.B.: ▓▓/1958 |
|---|---|---|---|---|---|---|---|
| Address: hcl box 78 MADERA, PA 16661 | | Home Telephone: (814) 378-5436 | Employer/School: COMMUNICATIONS CONSTRUCTION GR | | | | Work Telephone: |
| Sequence: 003 | Type: Witness | Name: KOCH, MICHAEL B | | Sex: Male | Race: White | Age: 36 | D.O.B.: ▓▓/1968 |

| Reporting Officer: OFC MEYER - 2582 2 | Supervisor Approval: EUGENE J MCKENNA OJNCEJM   Date 05/31/2005 1822 |

| Page: 2 | Report Date: 05/31/2005 | Agency: N. Castle County PD | | Complaint: 32-05-066101 |
|---|---|---|---|---|
| Sequence 003 Continued | | Witness Information | | |

| Address: 219 wallingford AVE WALLINGFORD, PA 19086 | Home Telephone: (484) 368-1498 | Employer/School: COMMUNICATIONS CONST GROUP | | | | Work Telephone: |
|---|---|---|---|---|---|---|
| Sequence: 005 | Type: Witness | Name: KRAKOWSKI, FRANK | Sex: Male | Race: White | Age: 46 | D.O.B. /1958 |
| Address: rd 1 box 229 ROARING SPRING, PA 16673 | Home Telephone: (814) 224-2197 | Employer/School: COMMUNICATIONS CONST GROUP | | | | Work Telephone: |

### Investigative Narrative

On the above date and time I responded to the above location in reference to a possible hate crime incident. Ofc. Falkenburg responded as well and was able to interview the Victim in the incident as well as some of the witnesses. I made contact with the suspect obtaining his account of what had transpired and then met with Ofc. Falkenburg to brief same. I spoke briefly with Victim who had expressed concern over what transpired. I also spoke briefly with W-1 (Koch) who corroborated Victims account with respect to being present when Suspect made the racial statement. Due to the nature of this incident I made contact with Sgt. Gregory advising him of what we had learned which was that a racial slur was made by Suspect towards Victim last week (believed to be on Friday). Victim was advised of what had been said by Suspect and upon hearing same went to speak with Suspect about the matter. Victim had apparently just learned of the statement made by Suspect today's date as the witnesses to same did not say anything on Friday. Victim had concerns over going to the manager as the manager for the site is the suspects' brother. Victim advised that the incident turned into an argument and that Suspect had poked him in the chest. I contacted Deputy AG S. Walther and briefed him on what had transpired and the concerns. I was advised that the matter based upon the offense was a misdemeanor offensive touching not in our presence and therefore Victim could be given a copy to sign warrants. Deputy AG Walther advised that the hate crime status would amplify the charges from unclassified misdemeanor to a class A misdemeanor and was not an actual separate offense believing that there was a flag that could be checked to document same. Based upon the interviews conducted by Officer Falkenburg and myself one offense of menacing was added to this complaint. I made contact with Sgt. Gregory advising him of the conversation with Dep. Ag Walther at which time he contacted Lt. Mcgowan briefing him on same.
 I made contact with Pc Fender who is the site manager and educated him on future issues as well as the actions we would be taking todays date. Victim was provided with the complaint information and referred to Jp court to sign warrants. Based upon the investigation it was learned that this incident stemmed from a statement made by Suspect last week which was racial in nature therefore making same a potential hate crime and documented as such. No further action taken by this officer reference this incident at this time. For additional refer to Officer Falkenburg's supplement as interviews were conducted by same and the exact nature of the statement was relayed to him and then told to me.

### Statement of Suspect 001 - BRADLEY DODSON

Bradley advised that Brian and Jason approached him while he was on the hill drilling. He advised that some guy told them that he called them a nigger. He advised that he supposedly said it last week. (He did not admit or deny making the statement at this time). He advised that they first went to Frank and then to him. He advised that they were yelling at him asking him what he said and claimed that Brian was in his face screaming. He advised that he told them he did not know what they were talking about and called a supervisor at which time he was shaking his finger. He claimed that Brian told him not to point at him however he did so at which time Brian approached him still upset. He advised that he poked Brian in the chest 2-3 times with his fingers at which time Brian poked him back claiming that he should not have done same. He detailed the incident a little better advising that he was up on the hill drilling when Brian came up on a Kubota. He advised that they started yelling at Frank about what they were saying calling them Niggers. He advised that he had no idea what they were talking about and then got on the phone calling Dave (Manager to come over right away. He called Mike the field supervisor and while he was doing so Brian was in front of him with Jason there as well. Brian was making some kind of statement in reference to his hands being lethal. Brian told him not to point his finger at him, however he continued to do so at which point Mike came at him. He poked Brian in the chest with his fingers 2-3 times in the chest adding that he probably should not have done that, however Brian then poked him back.

| Reporting Officer: OFC MEYER - 2582 2 | Supervisor Approval: EUGENE J MCKENNA OJNCEJM Date 05/31/2005 1822 |
|---|---|

| Page: 3 | Report Date: 05/31/2005 | Agency: New Castle County PD | Complaint: 32-05-066101 |

Statement of Suspect 001 - BRADLEY DODSON - Continued

He understood that warrants could be signed for his arrest by Victim and that there were subjects present who heard him make the statement.

| Reporting Officer: OFC MEYER - 2582 2 | | Supervisor Approval: EUGENE J MCKENNA  OJNCEJM  Date 05/31/2005 1822 |
| Detective Notified | Referred To | |
| Solvability Factors | ☐ Witness  ☐ Suspect Located | ☐ M O  ☐ Suspect Described | ☐ Trace Stolen Property  ☐ Suspect Identified | ☐ Suspect Named  ☐ Suspect Vehicle Identified | Status: Has Follow Up |

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JASON McLEAN and            )
BRIAN COLEMAN,              )
                            )
                            )   C.A. No. 06-617 SLR
              Plaintiffs,   )
                            )
        -vs-                )
                            )
COMMUNICATIONS CONSTRUCTION )
GROUP, LLC,                 )
                            )
              Defendant.    )


         Deposition of JASON McLEAN taken pursuant
to notice at the law offices of Young, Malmlberg &
Howard, 30 The Green, Dover, Delaware, beginning at 9:13
a.m. on September 13, 2007, before Julianne LaBadia,
Registered Diplomate Reporter and Notary Public.


APPEARANCES:

        RONALD POLIQUIN, ESQ.
        YOUNG, MALMBERG & HOWARD
          30 The Green
          Dover, Delaware  19901
          For the Plaintiff


        THOMAS BENJAMIN HUGGETT, ESQ.
        MORGAN, LEWIS & BROCKIUS, LLP
          1701 Market Street
          Philadelphia, Pennsylvania  19103
          For the Defendant

              WILCOX & FETZER
1330 King Street - Wilmington, Delaware 19801
                (302) 655-0477
                www.wilfet.com



WILCOX & FETZER LTD.
Registered Professional Reporters
**ORIGINAL**

Jason McLean

21

1  A. No.
2  Q. He wasn't present at the time that you
3  initially spoke with Mr. Dodson?
4  A. No.
5  Q. When did he arrive?
6  A. After his brother called.
7  Q. Did you speak with Dave Dodson?
8  A. No.
9  Q. Did you speak with Mike Fender?
10 A. Yes.
11 Q. And what did you say to Mr. Fender?
12 A. I don't recall exactly what I said.
13 Q. You spoke with the police?
14 A. Yes.
15 Q. You made a statement to them?
16 A. Yes.
17 Q. Okay. Have you reviewed the police report that
18 was attached to the complaint in this action?
19 A. Yes.
20 Q. Do you believe that it's accurate?
21 A. Yes.
22 Q. In the police report, it lists your address as
23 Willingboro, New Jersey. Was that your address at that
24 point in time?

Jason McLean

22

```
 1       A.   No.
 2       Q.   Do you know why this lists your address as
 3  Willingboro, New Jersey?
 4       A.   No idea.
 5       Q.   Is that what you told the police?
 6       A.   No.
 7       Q.   So then this report isn't entirely accurate, is
 8  it?
 9       A.   Not if that's my address on there.
10       Q.   I'm sorry.  Let me just say that that was
11  incorrect.  I'm thinking of Mr. Coleman's address.  This
12  lists your address as Madera, PA, Box 78.  Do you know
13  what address that is?
14       A.   No idea.
15       Q.   It's a location west of Harrisburg.  Have you
16  ever lived there?
17       A.   No.  I believe Robert Koch or Joseph Tatsch
18  lives in that area.  I think they might have mixed up the
19  addresses.
20       Q.   It also says that you are a White male, age 46.
21  How old are you?
22       A.   23.
23       Q.   And you are not a White male?
24       A.   Half.
```

Jason McLean

23

| | | |
|---|---|---|
| 1 | Q. | If you were to be asked by the police your race, would you say White? |
| 3 | A. | And Black. |
| 4 | Q. | So you would agree this report is not entirely accurate? |
| 6 | A. | I would agree. |
| 7 | Q. | You said that after the police took statements, everyone went home for the day? |
| 9 | A. | In my recollection, yes. |
| 10 | Q. | And that was at the direction of Mr. Fender? |
| 11 | A. | Yeah. |
| 12 | Q. | What happened after May 31? |
| 13 | A. | Continued to work. |
| 14 | Q. | Did you work on that same crew? |
| 15 | A. | No. |
| 16 | Q. | To whose crew did you go? |
| 17 | A. | That day after, nobody's. |
| 18 | Q. | And why not? |
| 19 | A. | I don't know. |
| 20 | Q. | Did you want to go back to Mr. Dodson's crew? |
| 21 | A. | I wouldn't have had a problem with it. |
| 22 | Q. | Who told you not to go back to that crew? |
| 23 | A. | Mike Fender. |
| 24 | Q. | And what did you do the day after? |