IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON MCLEAN and<br>BRIAN COLEMAN,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>COMMUNICATIONS<br>CONSTRUCTION GROUP, LLC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civ. No.: 06-617-SLR<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF DENYING
DEFENDANT'S MOTION IN LIMINE**

**YOUNG, MALMBERG & HOWARD, P.A.**

/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esquire
I.D. No. 4447
30 The Green
Dover, DE  19901
(302) 672-5600
*Attorney for Plaintiffs*

DATED:  March 3, 2008

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES..................................................................ii

NATURE AND STAGE OF PROCEEDINGS...................................................1

SUMMARY OF ARGUMENT...................................................................2

STATEMENT OF FACTS......................................................................3

ARGUMENT..................................................................................4-6

    I.  THE POLICE REPORT IS NOT UNTRUSTWORTHY............................4

    II. THE COURT SHOULD NOT EXCLUDE THE ENTIRE POLICE REPORT BECAUSE IT CONTAINS DOUBLE HEARSAY..........................................5

    III. THE COURT SHOULD NOT EXCLUDE THE POLICE REPORT BECAUSE IT IS UNDULY PREJUDICIAL...........................................................5-6

CONCLUSION....................................................................................7

## TABLE OF AUTHORITIES

Page

CASES

Johnson v. State, 253 A.2d 206 (Del. 1969)..................................................4

## **NATURE AND STAGE OF PROCEEDINGS**

Brian Coleman and Jason McLean ("plaintiffs") commenced this Title VII action on October 2, 2006 contending that they were the subject of racial harassment and retaliation. Defendant Communications Construction Group, LLC ("defendant CCG") answered the complaint on October 24, 2006. On February 25, 2008, the defendant filed this motion in limine to bar introduction of a May 31, 2005 police report. Both parties have motions for summary judgment pending before this Court.

## SUMMARY OF THE ARGUMENT

I.  THE POLICE REPORT IS NOT UNTRUSTWORTHY

II. THE COURT SHOULD NOT EXCLUDE THE ENTIRE POLICE REPORT BECAUSE IT CONTAINS DOUBLE HEARSAY

III. THE COURT SHOULD NOT EXCLUDE THE POLICE REPORT BECAUSE IT IS UNDULY PREJUDICIAL

## **STATEMENT OF FACTS**

The plaintiffs generally accept the defendant's statement of facts minus the inappropriate argument stated within.

## **ARGUMENT I**

**A. THE POLICE REPORT IS NOT UNTRUSTWORTHY**

Police reports qualify under the business records exception against hearsay evidence. <u>Johnson v. State</u>, 253 A.2d 206 (Del. 1969) Police departments are in the "business" of law enforcement, and reports and records kept in connection with such enforcement are "business records". In <u>Johnson,</u> the Court decided that a police officer's notes were admissible as past recollection evidence because a proper foundation was laid. A proper foundation is laid if the police officer's notebook containing the notes was kept in connection with the performance of a duty and the entries were made therein shortly after the event took place. <u>Id</u>.

Similar to <u>Johnson,</u> the referenced police report was kept in connection with the business of law enforcement. In addition, the police officer's report was drafted contemporaneously after the incident took place and when the statements were made to the officer.

Typographical mistakes in a police report does not constitute untrustworthiness. The defendant argues that because the police report lists the plaintiff's age and race incorrectly, that it is inheritantly untrustworthy. Alternatively, the defendant does not argue that the substance of the statements contained in the report are incorrect. The police report deals with the issue as to whether Bradley Dodson called the plaintiffs "two dumb niggers". All of the witness statements contained in the report (other than Dodson's) concur that Bradley Dodson called the plaintiffs "two-dumb niggers". Subsequently, Bradley Dodson pled guilty to the charges associated with the incident. Ironically, even though the police followed through with the charges against Bradley Dodson, the

defendant did not believe that Bradley Dodson made the statement and continued to employ him while transferring and laying off the plaintiffs.

## B. THE COURT SHOULD NOT EXCLUDE THE ENTIRE POLICE REPORT BECAUSE IT CONTAINS DOUBLE HEARSAY

Bradley Dodson's statement qualifies for two (2) exceptions under the hearsay rule. As stated previously, the police report, should be admitted under the business records exception to the hearsay rule. Secondly, the statement by Dodson also qualifies as an witness statement against interest. Specifically, Dodson did not deny calling Brian Coleman and Jason McLean – "two dumb niggers". At the time his statement was made, Dodson was the subject of a criminal investigation. The statement would be clearly admissible in a criminal case as a potential admission. Alternatively, the statement should be allowed in a civil case under a similar rationale.

The statements contained in the report also qualify as non-hearsay under Rule 801(d)A), a witness' prior inconsistent statement. Throughout the entire proceeding, the defendant has asserted that Bradley Dodson denied calling the plaintiffs "two dumb niggers". Here, Bradley Dodson does not deny calling the plaintiffs "two-dumb niggers". Therefore, the plaintiffs should be allowed to provide evidence of Bradley Dodson's prior inconsistent statement through the police report. As long as Brad Dodson is available at trial for cross-examination, there is adequate guarantees of trustworthiness concerning his statement.

## C. THE COURT SHOULD NOT EXCLUDE THE POLICE REPORT BECAUSE IT IS UNDULY PREJUDICIAL

The defendant argues that the term "hate crime" contained in the police report is unduly prejudical against the defendant. However, the defendant gives no argument of its prejudice other than that it may have an emotional impact on the jury. However, the term

"hate crime" is in connection with Bradley Dodson's acts of calling the plaintiff "two dumb niggers" not the defendant's actions. The report simply references the officer's thought process as to whether Bradley Dodson should be charged with a hate crime or not. There is no reason to believe that the jury could not differentiate the police officer's thought process and their own duties.

## CONCLUSION

The Court should deny the defendant's motion in limine concerning the police report.

Respectfully submitted,

/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esquire
I.D. No. 4447
30 The Green
Dover, DE 19901
302-672-5600
*Attorney for Plaintiffs*

Dated: March 3, 2008

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of March, 2008, I served electronically the attached Plaintiffs' Opening Brief in Support of Denying Defendant's Motion In Limine on the following parties:

Michael B. Kelly, Esquire
Daniel M. Silver, Esquire
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801

Thomas Benjamin Huggett, Esquire
Courtney A. Wirth, Esquire
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103

        **YOUNG, MALMBERG & HOWARD, P.A.**

        /s/ Ronald G. Poliquin
        Ronald G. Poliquin, Esquire
        I.D. No. 4447
        30 The Green
        Dover, DE 19901
        (302) 672-5600
        *Attorney for Plaintiffs*